## Murrell *v.* Smith.

*Bill in Equity for Foreclosure of Mortgage.*

1. *Bill of review on discovery of new matter.* — When a party seeks relief against a decree by bill of review, or in the nature of a bill of review, on account of the discovery of new matter, he must show that he has not been guilty of any laches or negligence, and that the new matter could not have been discovered sooner by the use of reasonable diligence; nor is the granting of relief in such case a matter of right, but rests in the sound discretion of the court, and may be refused when it would work wrong or injustice.

2. *Abatement of purchase-money, on account of deficiency in quantity of land.* — An abatement of the purchase-money, on account of a material deficiency in the quantity of the land, was refused to the purchaser in this case, where the deficiency was discovered eight years after the sale, on a survey made with a view to a resale, because no sufficient reason was shown why it could not have been discovered at an earlier day; and also because, on a settlement by compromise between the parties, when the new note and mortgage now sought to be foreclosed were given, the vendor abated the entire interest on the debt, which was about equal to the injury to the purchaser from the alleged deficiency.

3. *Conclusiveness of chancery decree foreclosing mortgage.* — A decree in chancery, foreclosing a mortgage given for the purchase-money of land, is conclusive, not only of the defences which were actually set up and adjudicated, but of every other defence affecting the justice and equity of the decree which might have been set up; and such a decree having been settled by compromise, and a new note and mortgage given on the same land, the defendant cannot, in the absence of fraud, set up in defence of a second foreclosure suit any facts which would have constituted a good defence to the first suit, except on such a showing as would entitle him to a bill of review.

APPEAL from the Chancery Court of Mobile.
Heard before the Hon. A. W. DILLARD.

[Murrell v. Smith.]

The bill in this case was filed on the 29th December, 1869, by Adon Smith, a citizen of New York, against John W. Murrell, and sought to foreclose a mortgage on a certain tract of land. The mortgage, with the note which it was given to secure, was dated the 1st May, 1868. The land conveyed by it was a part of the "Orange Grove Tract," situated between One Mile creek and Three Mile creek, near the city of Mobile. This tract of land was sold at auction, in 1860, by the trustees in whom the legal title was vested, in lots represented to contain five acres each; and the defendant in this case became the purchaser of most of the lots, and among the rest lots Nos. 51 and 52, involved in this suit. He gave his notes for the purchase-money, according to the terms of the sale, and mortgages on the several lots to secure their payment. The trustees divided out the notes and mortgages among the persons who were the beneficiaries under the trust deed, and the complainant thus became the owner of the notes and mortgage given for these two lots. The notes being unpaid at maturity, he filed a bill in the chancery court at Mobile, in 1866, to foreclose the mortgage, and obtained a decree of sale and foreclosure in 1867. The only defence set up in that suit was, that the defendant had paid the amount of the debt, under confiscation proceedings, to a receiver of the Confederate States government. After the rendition of the decree, but before any sale was made under it, the matters in controversy were compromised between the parties. By the terms of the compromise, the complainant remitted the entire interest on his debt, amounting to $1,157.35; while the defendant paid $1,000 in cash, and gave his note for the residue, $1,527.35, with a mortgage on the lots to secure its payment; and this is the mortgage sought to be foreclosed in this suit.

The defendant answered the bill, alleging that, since the commencement of this suit, he had discovered for the first time, on having a survey of the land made with a view to a resale of a portion of it, that there was a material deficiency in the quantity; that this deficiency was caused by the course of two bayous, which flowed through the land, and formed a junction in lot No. 52, leaving in fact no solid land in that lot; and that the course of these bayous was incorrectly laid down on the lithographed maps which were used at the sale, and by which the defendant was governed in making the purchase. "The land itself," he further alleged, "was vacant, unimproved, marshy, and swampy, and, for this reason, was so inaccessible that purchasers could not conveniently go upon it, and make a personal inspection of it. It was an open marsh, without marks to define the position of the several lots. The sale was made by said map, and with direct reference to it; and

[Murrell v. Smith.]

respondent purchased in reliance upon it, and upon the representations as to its correctness."

The chancellor held, that the defendant was estopped by the compromise from setting up this defence; and he therefore rendered a decree for the complainant, on final hearing on pleadings and proof, for the full amount of his debt, with interest, and ordered a sale of the mortgaged premises to satisfy it. The chancellor's decree is now assigned as error.

P. HAMILTON, with ALEX. McKINSTRY, for appellant. — The record presents simply a case where, by mistake of the parties, so great a deficiency is found to exist in the quantity of the land, as to amount to a serious failure of consideration. The right to relief, under such circumstances, is sustained by the following authorities: 1 Story's Equity, § 144; 2 Kent's Com. (176), 471, 491; 5 Johns. Ch. 174; 2 Cowen, 129; 8 Paige, 312; 1 Vesey, 211. No difficulty has occurred by lapse of time. The parties are the same, and there has been no laches since the discovery of the facts. No blame can be attributed for the want of an earlier discovery. The land was swampy and marshy, — not wanted for immediate use, and not capable of immediate occupation. Very different considerations apply to such land, from those which would apply to a house, or farm, or firm land capable of immediate use and occupation. Besides, a long war had intervened, during which the statute of limitations was suspended; and similar considerations would require that the analogous rules in equity should also be suspended. The supposed equity discovered by the chancellor, growing out of the settlement of 1868, cannot bar the relief sought. The defence here set up did not enter into that settlement, and the facts were not then known to exist. The complainant was not entitled to recover the interest which had accrued during the war, and which he then remitted, and the defendant had already paid the debt under confiscation proceedings. These were the only matters which entered into that settlement, and it cannot be held to operate as a bar to the relief now asked. 17 Ala. 317; 18 Ala. 241; 20 Ala. 130; 23 Ala. 851; 26 Ala. 504; 5 Greenl. 185; 1 Greenl. Ev. § 528; 2 C. & H. Notes to Phil. Ev. 42, 147.

E. S. DARGAN, contra. — The new note and mortgage, given on the compromise, operated as a satisfaction of the former decree; and no defence can be made to this suit, founded on the new note and mortgage, but of matters arising since they were given. The defendant cannot repudiate that compromise, or go behind it, after having received the benefit of it. Nothing can be alleged against the new mortgage, except fraud, or

[Murrell v. Smith.]

such matter as would authorize a bill of review. But the defendant could not maintain a bill of review on account of new matter since discovered, without showing that he could not, by the use of reasonable diligence, have discovered it before the former decree was rendered. Story's Eq. Pl. § 414, note 2. This he has not done. Nor is he injured by the decree, since the abatement made on the compromise was more than the compensation which he now claims.

B. F. SAFFOLD, J. — Prior to this suit, the appellee having a money demand against the appellant, secured by mortgage on the real estate for which it was the consideration, filed a bill in the same court to enforce the security. A decree was rendered in his favor, which ascertained the debt, and ordered the property to be sold for its payment. In compromise and settlement of that decree, the complainant abated the interest computed in it, and the defendant, paying some money, made the note and mortgage on the same property, for the payment and foreclosure of which this suit is brought. The property was purchased in May, 1860; and the former suit, at issue in 1867, was defended on the ground that the Confederate States government had coerced payment in confiscation of the debt. The present suit was commenced in December, 1869, and is defended on the ground of a deficiency in the quantity of land sold. The note and mortgage bear the date of May 1, 1868. The decree was in accordance with the prayer of the bill.

If no settlement of the first decree had been made, it would be conclusive against the defendant of the grounds of defence now set up. The only way by which a decree can be affected or altered is by a bill of review, or in the nature of review, unless it has been obtained by fraud. When such a bill is founded on the discovery of new matter, it must be such as the party, by the use of reasonable diligence, could not have known; for, if there be any laches or negligence in this respect, the title to the relief is thereby destroyed. Story's Eq. Plead. §§ 638, 414. The defendant having purchased the property in 1860, and submitted to a decree in 1867, did afterwards discover the matter of which he now complains, on the application of a third person to purchase a portion of it. As he claims under a survey, which he considered practicable to be made at the time of his purchase, and gives no additional reason why he could not have verified it subsequently, and none why it was more feasible when he had an offer of purchase, reasonable diligence cannot be accorded to him.

Besides this, the damage he has sustained is within a fraction of the interest abated by the complainant. It would be inequitable to allow the defence against the compromise which

[New York and Alabama Contracting Company v. Selma Savings Bank.]

was accorded to him, after a decree which needed only to be enforced. The granting of a bill of review for newly discovered evidence is not a matter of right; but it rests in the sound discretion of the court. "It may, therefore, be refused, although the facts, if admitted, would change the decree, where the court, looking to all the circumstances, shall deem it productive of mischief to innocent parties, or for any other cause unadvisable." Story's Eq. Plead. § 417 ; *P. & M. Bank* v. *Dundas*, 10 Ala. 661.

The decree of 1867 must be regarded as an adjudication of the rights of the parties as involved in this case. Judgments are not merely final as to the facts actually litigated and decided, but they are usually, except in proceedings directly instituted to reverse them, conclusive evidence of their own rectitude and justice. The principle applies in almost every instance where a suit is sought to be sustained upon allegations which would have constituted proper ground of defence to a previous action between the parties. Observing the distinction between a mere matter of defence and a cross claim which may or may not be interposed by the defendant, the former action was in the same court of equity, the peculiar province of which is to put an end to litigation. The obligation upon the defendant to put in issue every matter allowed to him is greater in that court than in a court of law. A suit to foreclose a mortgage legitimately puts in issue every reason why the mortgage should not be foreclosed. 5 Phil. Ev. Cow. & H. notes, pp. 20, 21, 154 ; Story's Eq. Plead. §§ 791, 793. But, conceding to the appellant all the right he would have under a bill of review, he is not free from laches, and he has received an abatement of the demand against him equal to the injury complained of. The decree is affirmed.