WHITE, SP. ADM'R., VS. HOLMAN.

1. PARTIES.
   In a proceeding to foreclose a junior mortgage, the mortgagee under a senior mortgage is not a necessary party.

2. BILL OF REVIEW.
   A decree can only be reviewed for errors of law apparent on the face of the proceedings sought to be reviewed, or for new matters that have arisen since the date of the decree.

48

APPEAL from *Jefferson* Circuit Court in Chancery.

Hon. J. A. WILLIAMS, Circuit Judge.

*Wise, Carlton,* and *White,* for appellant.

*Carroll & Jones,* and *Dodge & Johnson, contra.*

PINDALL, SP. J.:

On a former appeal in the court, the court held that Holman, under his title bond from Woodruff, had such an equitable interest in the lots in question, as was subject to sale and transfer. That his assignment of the title bond to Hardeman, made Hardeman his vendee of the lots, and gave him an equitable vendor's lien upon the lots for the amount of the purchase note he held against Hardeman, which he could enforce against the lots in the hands of Hardeman, or any purchaser holding under him with notice that the debt was unpaid. *Holman* v. *Patterson's heirs,* 29 Ark., 364.

In the original bill filed by *Holman* v. *Hardeman,* Brewer and Woodruff to enforce this lien, and upon which the decree was founded, which this bill seeks to review, it was alleged that Brewer had notice that this debt was unpaid when he purchased the lots from Hardeman and took the assignment of the title bond, and at the time of bringing his suit, and it was said if this fact be true, the original decree was right, if Brewer was served with process, p. 364, but the transcript then before the court did not show that Brewer, had ever been served with process, or made a party to the suit in such a manner as to bind him by the decree, or to impress upon his vendees, the character of purchasers *pendente lite.* It was said if Brewer was not served in fact, and if that fact had been alleged by Patterson in his bill of review, Patterson would then have had ground to review the original decree, p. 363, but as Patterson did not aver to the contrary, the intendment that he was served obtained, and the

White, Sp. Adm'r, vs. Holman.

other facts alleged as grounds of review, not being sufficient, the cause was reversed and remanded with instructions to allow Patterson to amend, etc.

By the transcript now before us it appear that the alias subpœna issued for said Brewer, and returned and filed April 29th, 1861, was served on said defendant at the County of Jefferson, by the sheriff of said county, by delivering him a true copy of the same on the 9th day of March, 1861, and therefore the original decree was correct in accordance with the decision of this court, expressed upon the former hearing. 29 Ark., p. 364, unless the case has been changed by the amendments to the bill of review, made by the permission of this court after the cause was remanded.

After the cause was remanded, the death of Patterson was suggested on the record and his representatives made parties. When his administrators filed an amendment to his intestate's bill, and subsequently a second amendment.

There were two additional points presented in these pleadings.

First it was developed that Woodruff had never been served with process in the original suit, and it was insisted that he was an indispensible party.

He held a prior lien by reservation of the title to secure the balance of purchase money due him.

It has been repeatedly held, that the relation of vendor and vendee, in such cases, a sale of real estate evidenced by title bond, with conditions to convey when the payment was made of the purchase money, bears a strong similitude to that of mortgagee and mortgagor, and in the former hearing of this case were so treated by this court. p. 364.

Woodruff occupying the attitude of mortgagee, and Holman holding nothing but the equity of redemption, which before the commencement of the original, he had transferred to Hardeman,

and by him to Brewer, and the litigation was concerning these subsequent interests; a proceeding in the nature of a bill to foreclose a junior mortgage. In such cases the mortgagee prior is not a necessary party to the suit. The decree could not affect his rights, whether he was made a party or not, unless he consent to the sale of the property, in which case his prior lien may be first paid, and the surplus appropriated to the subsequent liens. The court could have ordered a sale of the lots, subject to Woodruff's prior rights, he was not therefore a necessary party. 2 Jones on Mortgages sec. 1459; Story Eq. Plead., 193; Barbour on Parties, 501.

The failure to make him a party is not ground for review.

It is also insisted that in as much as Noonan obtained a deed directly from Woodruff to himself, that Noonan and his grantee, Patterson, held under him and not in privity with Brewer, and as Woodruff was not served with process in the original suit, these parties are not *pendente lite* purchasers, as it is admitted they would be if they held under Brewer.

This position is untenable, because Noonan purchased of Brewer, and not of Woodruff, he was enable to get the title bond to him by Brewer, and the authority thereby conferred upon Woodruff by Brewer to convey directly to Noonan.

Noonan purchased the lots, obtained the possession, and held the estate in privity with Brewer, and it was the privity which enabled him to get the conveyance direct. Brewer was a party to the preceding suit, regularly served with process, and is affected by the decree rendered in that cause, and Noonan is bound by the decree, not so much on account of his supposed knowledge of the defects in his chain of title, or because he was required to use diligence in examining the records of the court, but from motives of public policy.

So also is Patterson, his deed from Noonan is dated 21st September, 1866, over three months after the decree was rendered for the sale of the land.

In the second amendment to the bill of review by the present appellant, as a ground of error in the original decree, he shows that the said Noonan was a resident of the State of California, and that all intercourse between the residents of Arkansas with the residents of California was interrupted and prohibited by the war, which existed for a portion of the time, between the states, and alleges for error in the original decree, that interest was calculated on Hardeman's note during all the time of the non-intercourse between the states.

There are several answers to this point.

It is not shown that Hardeman was prevented or prohibited from paying his debt to Holman by the laws of war, or that Noonan had ever undertaken or become obligated to pay the note ; but in this proceeding by bill of review, the objection cannot prevail, if these facts were sufficiently averred, for a decree can only be reviewed for errors of law apparent on the face of the proceedings in the original cause, without further examination of matters of fact, or for new matters, which have arisen since the date of the decree, and not for any new proof which might have been used when the decree was made. Story Eq. Plead., 404, *et seq*; Dan'l. Ch. P and P., 1576.

The respective residence of these parties during the time of hostilities does not appear from the proceedings in the original cause, nor is there any allegation that the proof of the fact has come to light, since the decree was made.

The court below upon the final hearing dismissed the original and amended bills, and made an order to carry the original decree into effect, and its judgment is in all things affirmed.

HARRISON, J.: did not sit in this case.