PORTER *v.* HAMILL.

Opinion delivered May 9, 1910.

MORTGAGES—FORECLOSURE—PARTIES.—In a suit by a senior mortgagee to foreclose a mortgage it was proper for the court to permit a junior mortgagee to join in the complaint in order that his lien may be foreclosed, under Kirby's Digest, § 6005, providing that "all persons having an interest in the subject of an action and in obtaining the relief demanded may be joined as plaintiffs," etc.

Appeal from Randolph Circuit Court in Chancery; *John B. McCaleb,* Judge; affirmed.

STATEMENT BY THE COURT.

R. N. Hamill as assignee brought this suit to foreclose a mortgage on the southeast quarter of the northeast quarter of section 1, in township 19 north, range (2) east, in Randolph County, Arkansas. The mortgage was given to secure a note for $265.86, of date 9th of February, 1891, and due November 15, 1891. P. H. Crenshaw and R. H. Black join in the complaint, stating that on the 9th day of February, 1892, said E. B. Porter was the owner in fee simple of the lands hereinafter described, being indebted to each of them in the sum of $75, and executed to them his several promissory notes of that date, which was the 9th day of February, 1892, payable on the 15th day of November, 1892, and, to secure the payment of the same, said E. B. Porter and wife on the 9th day of February, 1892, executed to P. H. Crenshaw and R. H. Black a mortgage to secure the same on the south half of the northeast quarter of section one (1), township nineteen (19) north, range two (2) east, Randolph County, Arkansas.

George T. Black was appointed guardian *ad litem* for the then infant defendants (appellants) on the 26th day of June, 1896, the acceptance of such appointment being indorsed on the complaint, and filed his answer on the 22d day of June, 1897, the day the decree was rendered.

The answer was simply a formal denial of all the allegations of the complaint.

*Jones & Mack,* for appellant.

The court is the guardian of the rights of minors, and should give them the benefit of all their defenses. 24 Ark. 43. The Supreme Court will protect the rights of a minor, whether he pleads or not. 60 Ark. 526. A guardian *ad litem* for an infant can admit nothing. 39 Ark. 235; 40 Ark. 42. The plea of misjoinder was a substantial defense, and should have been interposed by the guardian, or the court should have refused a decree. Kirby's Dig., § 6081; 65 Ark. 216; 64 Ark. 126; 80 Ark. 107. Persons having separate liens cannot join in one suit to foreclose them. Bryant's Code Pldg., § 110.

WOOD, J., (after stating the facts). The only question is, should the judgment be reversed because the senior mortgagee and junior mortgagees were joined in the complaint for foreclosure? Mr. Pomeroy on Code Remedies says: "It is a rule universally established that all subsequent incumbrancers, who are holders of general or specific liens on the land, whether mortgagees, judgment creditors, or whatever be the nature of the lien, if it can be enforced against the land, are not necessary parties in the sense that their presence is indispensable to the rendition of a decree of sale; but they are necessary parties defendant to the recovery of a judgment which shall give to the purchaser thereunder a title free from their liens and incumbrances. If they are not joined as defendants, their rights are unaffected; their liens remain undisturbed and continue upon the land while in the hands of the purchaser; and they retain the right of redemption from the holder of the mortgage before the sale, and from the purchaser after the sale. It is not, in general, considered that prior incumbrancers are even proper defendants, for, as their liens are paramount to the mortgage, they can not be in any manner affected by the action or decree therein. Section 239, p. 333.

Where a junior mortgagee comes in and joins in a suit to foreclose, it is not necessary to make him a party defendant, because he is then already before the court. The object in making him a party defendant is that he may be brought in, so that his rights may be protected and preserved as far as pos-

sible, and that the purchaser under the decree of foreclosure may get a title free from junior liens. Mr. Jones says: "In one sense every person who has acquired any interest in the property subsequent to the mortgage is a necessary party to the suit for foreclosure, whether that interest be by way of mortgage or judgment lien, an inchoate right of tenancy in dower or curtesy, or an unconditional estate in fee; because, in order to make the foreclosure complete, and to transfer a perfect title by the sale, it is necessary that the holder of every such right or interest should be brought before the court." Again he says: "All parties in interest should be joined, inasmuch as it is true that the proper object of a bill in equity to foreclose a mortgage is to cut off all rights subsequent to the mortgage." 2 Jones on Mortgages, § § 1394, 1396. At section 1442 the same author says: "New parties who are found to have an interest in the premises may be joined in the bill by amendment, or in a supplemental bill, if application be made within a reasonable time; or they may themselves intervene in the original cause by petition, or may maintain a separate bill. A suit may be stayed, even on final hearing, to bring in subsequent mortgagees and incumbrancers who are found to be proper parties." Our own court has held that in a foreclosure suit a senior mortgagee need not be made a party. See *White* v. *Holman,* 32 Ark. 753.

"It is a general rule in equity," says Mr. Pingrey, "that all persons materially interested, either legally or beneficially, in the subject-matter of the suit are to be made parties to it, either as plaintiffs or defendants, however numerous they may be, so that there may be a complete decree which shall bind them all." 2 Pingrey on Mort., § 1665. Our statute provides: "All persons having an interest in the subject of an action, and in obtaining the relief demanded, may be joined as plaintiffs except where it is otherwise provided. Section 6005, Kirby's Dig. *"Subject of an action"* is not the *cause of the action,* nor the object of the action. It rather describes the physical facts, the things, real or personal, the money, lands, chattels, and the like, in relation to which the suit is prosecuted. When there is a suit to foreclose a mortgage, all the mortgagees have an interest in "the subject" of the action and "in obtaining the relief demanded."

Therefore, treating the objection to the complaint as for "misjoinder and multifariousness" as properly raised, the judgment of the court is correct, and must be affirmed. It is so ordered.