(86 South. 54)

Ex parte HARDUVAL et al. (6 Div. 81.)

(Supreme Court of Alabama. June 30, 1920.)

**1. Equity** ⚖️455—**Bill of review for newly discovered evidence discretionary with court.**

The granting of bill of review for newly discovered evidence is not a matter of right, but rests in the sound discretion of the court, and the bill may be refused, though the facts, if admitted, would change the decree, where the court, looking to all the circumstances, deems it productive of mischief to innocent parties, or otherwise inadvisable.

**2. Equity** ⚖️447(2)—**Equity of bill of review for newly discovered testimony stated.**

The basis of the equity of a bill of review for newly discovered testimony is the fact that it is newly discovered, and that, with the other testimony, it entitles complainant to a decree beneficially different from that rendered.

**3. Equity** ⚖️455—**Chancellor held not to have abused discretion in denying bill of review to bidders for leases of insolvent bank.**

Circuit judge, sitting as chancellor, *held* not to have abused his discretion in denying bill of review for newly discovered evidence to bidders to purchase leases and other contracts of an insolvent bank in the hands of receivers to review holding that the bidders were merely such, and without the rights of purchasers at judicial sale; petitioning bidders not having exercised diligence in respect of the evidence relied upon by them.

Application by John Harduval and Peter Goulas for mandamus to be directed to Hon. Hugh A. Locke, as one of the Judges of the Tenth Judicial Circuit, sitting in equity, to require him to permit petitioners to intervene in a certain cause. Writ denied.

Petition for mandamus to be directed to Hon. Hugh Locke, one of the judges of the Tenth judicial circuit, sitting as chancellor, to require him to permit the petitioners to file a petition in the nature of a bill for review in a cause pending in said court, in which W. G. Oliver and others are complainants, and the Merchants' & Mechanics' Trust & Savings Bank and others are defendants.

Petitioners show that in the above-styled cause Oliver, Garber, and Jacobs were appointed receivers of the defendant corporation, and undertook to sell a leasehold interest in a certain building in Birmingham owned by said corporation, which leasehold interest petitioners sought to purchase; that a contract was made between petitioners and said receivers, and that the receivers filed application to the court for a confirmation—referring to the contract as a mere offer or bid on the part of the petitioners to purchase. The court declined to confirm the contract by decree rendered September 17, 1919, and ordered the receivers to take other bids; and from such order the petitioners appealed to this court, and a decision was rendered, affirming the decree of the lower court. See Harduval et al. v. Merchants' & Mechanics' Trust & Savs. Bank, ante, p. 187, 86 South. 52, present term.

It is further shown that on April 19, 1920, petitioners filed a petition in the nature of a bill for review in said court, praying that the same be allowed to be filed in the cause, and that the decree of September 17, 1919, be set aside; that upon hearing argument of counsel the court refused to allow the petition for bill of review to be filed, and that, in so doing, he abused his discretion in the premises. The petition for bill of review sets up that petitioners entered into a contract with receivers for the purchase of this leasehold

interest for the sum of $15,000, and at the time received the following receipt:

"Received of Harduval & Goulas one thousand ($1,000) dollars, earnest money and part purchase price on lease on entire building, 1905 Second avenue, said lease expiring September 30, 1931, purchase price to be fifteen thousand ($15,000) dollars, five thousand ($5,000) dollars cash, five thousand ($5,000) dollars one year, five thousand ($5,000) dollars two years, with interest at six per cent. (6%) interest payable annually. Taxes for 1919 and insurance to be prorated. Trade to be closed as soon as papers can be drawn. Deferred payments to be covered by promissory waive notes in the ordinary bank collateral form with the lease attached as collateral.

"Dated June 11, 1919.

"[Signed] W. G. Oliver
"Al. C. Garber
"Eugene J. Jacobs.

"Accepted: [Signed] Harduval & Goulas, by [Signed] Peter Goulas."

Paragraphs 4 and 5 are as follows:

"(4) And your petitioners would further show that at the time said receipt was given to your petitioners by said receivers, your petitioners did not carefully examine it, and placed little value upon it, because the receivers assured them that the contract would be carried out at once, and your petitioners misplaced the receipt, and when later they employed counsel to protect their rights in the premises they were unable either to find the receipt to show it to their counsel, or to tell their counsel its contents; nor did your petitioners ever see or know of the contents of said receipt until after this honorable court had refused to confirm the report of the receivers in this cause filed on July 28, 1919, describing your petitioners agreement as a 'proposal,' and recommending its acceptance as such.

"(5) And your petitioners aver that said receipt when found by them and exhibited to their counsel was the same as newly discovered evidence in their behalf, but such discovery was made too late to be availed of in the proceedings on said report of the receivers; for your petitioners had already taken their appeal to the Supreme Court of Alabama, on the decrees of this court rendered September 17, 1919, disapproving the report of the register filed July 28, 1919, which recommended the approval of said sale."

The petition further avers that the report of the receivers was unfortunate as referring to this contract as a "proposal," and that the court held the contract entered into was a mere offer on the part of the petitioners, and not a judicial sale.

The petition was signed by the petitioners, who swore to the same as being "true to the best of their knowledge, information, and belief," and an affidavit of one of the counsel for the petitioners is also attached, to the effect that neither member of the law firm of which he is a member ever saw the receipt above referred to until after the petitioners had appealed to the Supreme Court.

The answer of the chancellor discloses, among other things: The appointment of the receivers with such duties as may be imposed upon them by law, and by the future orders of court, "and under the direction of the court they shall exercise the powers and perform the duties as required by receivers by law." That the receivers filed a petition, reciting that the petitioners herein had proposed to purchase the leasehold for $15,000. That a reference was ordered and had, and other proceedings not necessary to note, and it was brought to the attention of the court that others were willing to pay a sum substantially in excess of the amount above named. The court declined to confirm the proposed sale, and ordered the receivers to accept other bids, which other bids were presented. Further, that the court could not accept as true the statement in the petition as to the ignorance of the petitioners with reference to the nature, character, and importance of the receipt taken, for the reason that both petitioners were present in court during all the hearings of the motions to confirm the reports of the receivers and register, and the extended arguments by their own and opposing counsel to strike the exceptions to the report of the register, and knew that their attorneys were asserting and contending that petitioners occupied the position of purchasers at a judicial sale, and that opposing counsel were insisting petitioners had never effected, or attempted to effect, a purchase of the leasehold, but had merely made an offer or proposal therefor. That the averments of the petition in the nature of a bill for review as to the misplacing and subsequent finding of the receipt were entirely insufficient to make the alleged finding of the receipt and the exhibition thereof to counsel newly discovered evidence, it being shown that petitioners at all times since the 11th of June, 1919, had the receipt in their possession, knew that it had been executed in duplicate, the original being kept by the receivers; and, further, that it was not shown when the receipt had been found, or what efforts had been made to find it sooner. That upon former hearing the court had reached the conclusion that the petitioners were not purchasers at a judicial sale, but had merely made an offer or "proposal," subject to confirmation by the court, and the court was under no legal or moral obligation to direct an acceptance thereof when a much larger sum could be obtained for the leasehold interest; and, furthermore, delays in disposing of this matter would result in material loss to the estate. For these and other reasons the court in its discretion declined to permit the same to be filed.

Weatherly, Deedmeyer & Birch, Nicholas Lalas, and Henry Upson Sims, all of Birmingham, for appellants.

The newly discovered evidence which may be made the basis for a bill of review is set out strongly in the case of Banks v. Long, 79 Ala. 319. See, also, 53 Ala. 615. But the application of the law is a different matter, and the petitioners are entitled to their bill. 113 Ala. 670, 21 South. 67. The bill filed was sufficient. 67 Ala. 560. The statement of the trial judge that he did not believe the affidavit shows an abuse of discretion. Story's Equity Pleadings, § 420, and notes.

London, Yancey & Brower, of Birmingham (A. G. & S. P. Smith and Garber & Garber, all of Birmingham, of counsel), for appellees.

A bill for review, based upon newly discovered evidence, rests in the sound discretion of the chancellor. Sims, Chan. Prac. pars. 634 and 638; 53 Ala. 615; 51 Ala. 301; 10 Ala. 661; 79 Ala. 319; 130 Ala. 237, 29 South. 855; 1 Brickell, Dig. 667. The petition for intervention was not sufficient. 67 Ala. 563; 131 La. 1024, 60 South. 672; 69 Ala. 65; 3 Ency. Dig. 566.

GARDNER, J. Petitioners sought relief in the court below by filing a bill in the nature of a bill of review, the substance of which will sufficiently appear in the report of the case, and seek by proceedings of mandamus to review the ruling of the court in declining to permit the same to be filed.

[1, 2] Petitioners rely upon newly discovered evidence only in support of the bill for review, and the rules governing such procedure are well stated in the following quotations:

"The granting of a bill of review for newly discovered evidence is not a matter of right; but it rests in the sound discretion of the court. 'It may, therefore, be refused, although the facts, if admitted, would change the decree, where the court, looking to all the circumstances, shall deem it productive of mischief to innocent parties, or for any other cause inadvisable.'" Murrell v. Smith, 51 Ala. 301.
"The equity of a bill of review for newly discovered testimony is the fact that it is newly discovered, and that with the other testimony it entitles the complainant to a decree different—beneficially different—from that rendered in the cause. It must be newly discovered; for, if known before the trial, or, if with proper diligence it could have been known, this is a complete bar to such relief." Banks v. Long, 79 Ala. 319.

See, also, Caller v. Shields, 2 Stew. & Port. 417; Allgood v. Bank of Piedmont, 130 Ala. 237, 29 South. 855; Sims Chancery Prac. §§ 634–636; 16 Cyc. 523.

Pretermitting a consideration of any other matters that may appear in the cause, the one vital question presented upon this appeal is whether or not the circuit judge, sitting as chancellor, abused his discretion in the prem-

ises. We think not. The answer discloses that in the former litigation in this cause, participated in by these petitioners, concerning this proposed contract of purchase, petitioners were present in court, and represented by counsel, and the insistence was made by their attorneys that they were purchasers at a judicial sale, and arguments advanced by opposing counsel that the contract was merely an offer or proposal, subject to confirmation by the court. Petitioners had the receipt which they now offer as "the same as newly discovered evidence" in their possession, and made no explanation as to where the receipt was placed, or as to why they did not produce the same, and, so far as appears, during the progress of the cause they made no effort whatever to find it. True, the petition states that they attached little value to the receipt, for the reason the receivers assured them the contract would be carried out, but certainly they were sufficiently warned in the litigation which ensued and terminated by an appeal to this court (Harduval et al. v. Merchants' & Mechanics' Trust & Savs. Bk., 86 South. 52,[1] present term), that their proposed purchase was being most vigorously resisted, and they could hardly have been better stimulated to diligence than by that proceeding. They had not only taken the receipt from the receivers, but had signed their names thereto by way of acceptance. It may be very seriously questioned, under the circumstances disclosed by this record, that the receipt comes within the meaning of newly discovered evidence sufficiently to support a bill of review. But the circumstances of the case rather impel the judicial mind to the belief that it was not so much newly discovered evidence as a newly discovered significance given to evidence which petitioners already had in their possession, and that as a matter of fact they were stimulated by the decree declining their offer to a point of effort which they should have reached, but did not, before the trial of the cause.

[3] Passing, therefore, all other questions in the case, the action of the chancellor could well be rested upon a lack of diligence on the part of the petitioners, if, indeed, not an affirmative showing of negligence in respect to the matter of evidence not attempted to be offered. The petitioners fall far short of showing any abuse of discretion, but, to the contrary, we are rather inclined to the view that the chancellor correctly disposed of the matter, and the petition for writ of mandamus will be here denied.

Writ denied.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

---

[1] Ante, p. 187.