(88 South. 447)

**TODD et al. v. MOORE. (6 Div. 54.)**

(Supreme Court of Alabama. April 7, 1921.)

**1. Equity** ⚖️447(4) — Refusal to set aside judgment for newly discovered evidence held proper, in view of lack of diligence.

Refusal to set aside decree for newly discovered evidence *held* proper in the exercise of the court's discretion, in view of lack of diligence to procure such testimony at the trial,

where witness, who was to testify to such evidence, testified and was cross-examined during trial.

**2. Equity** ⚖️464—Court will not inquire into evidence on bill of review to set aside decree for "error apparent upon the record."

On bill of review to set aside the decree for error apparent upon the record, the court will not inquire into questions of evidence, since an error apparent upon the record rests upon such errors as appear upon the face of the pleadings, proceedings, or decree.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Error Apparent.]

**3. Equity** ⚖️450—Decree will not be set aside for error apparent on face after acceptance of benefits thereunder.

Decree, requiring insane persons' guardian to reimburse innocent purchaser for amount expended on land of insane persons, and giving her a lien upon the land to secure payment thereof, will not be set aside for error apparent on its face on the ground that insane persons were entitled to receive the difference between the market value of the land at the time of the sale to such purchaser and the price paid therefor with interest with a lien to secure such amount under Code 1907, §§ 3347, 3348, where the land was sold under the decree and the difference between the amount to which purchaser was entitled to be reimbursed, and the price paid at such sale was paid to guardian for benefit of insane persons, since the judgment could not be set aside after benefits had been accepted thereunder.

**4. Appeal and error** ⚖️781(7) — Appeal dismissed, where appellant is shown to have accepted benefits of the judgment appealed from.

Generally, where an appellant is shown to have accepted the benefits of the judgment, order, or decree, the appeal will be dismissed.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Henry J. Martin as Guardian, etc., for Forney Todd and another, against Maggie Moore, to review a former decree because of error apparent and newly discovered evidence. From a decree sustaining demurrers to the bill, complainants appeal. Affirmed.

C. B. Powell and G. M. Edmonds, both of Birmingham, for appellants.

The following authorities are relied on to show that the court was in error in sustaining demurrers to the bill. 136 Ala. 354, 34 South. 905, 96 Am. St. Rep. 26; 21 South. 490; 154 Ala. 346, 45 South. 715; 97 Ala. 458, 12 South. 48; 79 Ala. 319; 69 Ala. 65; 39 Ala. 428; 10 Ala. 667. Sims, Chan. Prac. 639. There is error apparent of record in the decree attacked. Section 3347, Code 1907; 54 South. 272; 110 Ala. 254, 20 South. 99, 55 Am. St. Rep. 26.

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Haley & Haley, of Birmingham, for appellee.

The complainant has assumed with knowledge a particular position, and is now estopped to assume an inconsistent one. 136 Ala. 354, 34 South. 905, 96 Am. St. Rep. 26; 133 Ala. 642, 32 South. 573; 132 Ala. 667, 32 South. 683; 118 Ala. 441, 24 South. 428; 16 Cyc. 796. The newly discovered testimony does not give it equity. 16 Cyc. 530; 131 Ala. 90, 31 South. 594; 130 Ala. 653, 31 South. 451.

GARDNER, J. The appellants, by their duly appointed guardian, W. J. Martin, filed the bill in this cause, seeking a review of the decree of the chancery court of Jefferson county, entered November 13, 1912, rendered in a cause concerning the same real estate, the subject-matter of this litigation, and against the same parties respondent. This bill of review seeks to have the former decree set aside for error apparent upon the record, and as amended also for newly discovered evidence.

[1] As to that feature relating to newly discovered evidence, it appears from the bill that one Walter Moore testified in the original cause, here sought to be reviewed, and was subjected to cross-examination. The complainants in that original cause were represented by the same guardian who filed the present bill; and it is alleged that several years after the examination of this witness upon examination in another cause he testified to a fact of which complainants were not aware at the time of his first examination. It does not appear as to whether or not he was interrogated on the first examination in regard to this matter, and, in any event, it is very manifest that proper diligence has not been shown, and that the court in the exercise of its sound discretion would not grant relief upon this ground (Ex parte Harduval, 86 South. 54; [1] Evans v. Parrott, 26 Ark. 600), and this phase of the case may be laid out of view.

The case of Ricker v. Powell, 100 U. S. 104, 25 L. Ed. 527, treated a bill of review for error apparent upon the record, and also for newly discovered evidence, as an entirety, and as requiring leave first granted to file the same, although such leave would not have been necessary had the bill been one for error of law apparent upon the record, and applied the rule of discretion in regard to those bills which seek review for newly discovered evidence only. This we merely note in passing, without committing ourselves to that holding, as the conclusion which we have reached renders this unnecessary.

The bill here sought to be reviewed was filed by the guardian of these complainants to quiet title, and was evidently intended as a statutory bill to that effect. Maggie B. Moore was the party respondent, and she was required to set forth her title or incumbrances to the land, and complainants sought to have "all adverse claims of said respondent * * * determined by a decree of this court." There was prayer for general relief.

The respondent answered, asserting her ownership of the property, and setting up various muniments of title, among them being deeds from these complainants. The answer was not made a cross-bill.

It appears from the decree that the court found that at the time of the execution of the deeds by complainants they were of unsound mind and incompetent to make valid conveyances; but the court further held that respondent had no notice of such unsoundness of mind, and that she had paid in good faith a valuable consideration for the deeds, and no fraud, deceit, or misconduct was practiced by her, and that, as complainants received the benefit of the several sums received as consideration for the several deeds, respondent should have returned to her these amounts so expended; and that a lien be fastened upon the land to secure the payment thereof. The amount so expended was ascertained, and decree rendered, ordering a sale of the property if complainants failed to reimburse the respondent for such sum within a given time, and out of a sale of the property the respondent be paid the sum so ascertained to be due her, and the guardian of complainants paid the balance. A sale of the property was had, respondent becoming the purchaser for a sum largely in excess of that decreed for her reimbursement, and the balance was paid to the register for the complainants. It appears that this balance was received by the guardian for the complainants, and is yet retained.

[2] Complainants insist there is error of law, in that the court should not have decreed a sale of the property, or have held that respondent was entitled to a lien; but that under sections 3347 and 3348 of the Code of 1907 the complainants were entitled to receive the difference between the market value of the real estate at the time of sale to the respondent and the price paid therefor with interest, with a lien to secure the same; and that as a result of the decree rendered they received an insufficient amount. Upon this question much of what is said in the bill of review, as well as the brief of counsel, relate to questions of evidence, which are here not to be inquired into, for error apparent upon the record rests upon such errors as appear on the face of the pleadings, proceedings, or decree. McCall v. McCurdy, 69 Ala. 65.

---

[1] 204 Ala. 460.

[3, 4] If it be conceded for the purposes of this case, therefore, that error of law does appear upon the record, which would ordinarily entitle the complainant to relief, yet we are of the opinion that the bill ,was subject to demurrer for the reason that it appears that the error committed has been waived, the decree of the court accepted and acted upon, and the complainants received the benefits thereof. It is a general rule that where an appellant is shown to have accepted the benefits of the judgment, order, or decree, the appeal will be dismissed. 4 Corpus Juris, 580.

The dismissal of appeal for this and like reasons was discussed by this court in Phillips v. Towles, 73 Ala. 406, ,where this general rule is recognized with some exceptions and modifications. The opinion in that case will disclose, we think, that the general rule must here apply, and that the instant case does not come within any of the recognized exceptions.

The complainants in the former litigation ,were represented by the same guardian who filed the original bill for review in this cause. The identical real estate was the subject-matter of that suit, and the respondent here was likewise respondent there. If the complainants felt they had suffered substantial injury by the decree rendered, they could have prosecuted an appeal for the reversal thereof, or, failing to do so, and accepting no benefits therefrom, might have been permitted to maintain a bill of review. This they did not do, but received the money paid into court for them in accordance with the decree, and have retained the same for nearly two years before the filing of the present bill. They were represented by guardian, who was competent to bind them in the premises. It would seem that had an appeal been taken after they had accepted the decree by receiving the benefits thereunder that it would have been dismissed upon motion in this court, for, as said in the recent case of Shannon v. Mo.wer, 186 Ala. 472, 65 South. 338, "the principle of a quasi estoppel by election is the common ground of the cases,—the principle which prevents a party from drawing a judgment into question to the prejudice of his adversary after he has coerced its execution or accepted its benefits." The amount which complainants were to receive is the only matter complained of, and their guardian has elected to accept the amount paid in the former litigation as in full satisfaction thereof.

We are therefore of the opinion that upon equitable principles the complainants, whose direct appeal could be dismissed upon motion, will not be permitted to maintain a bill of review seeking the same ends. These facts appearing upon the face of the bill, it was subject to demurrer, and the decree of the court below will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.