McMURRAY v. McMURRAY.

Opinion delivered May 15, 1922.

1. DIVORCE—BILL OF REVIEW.—A bill to review a decree of divorce is insufficient where it does not allege any evidence discovered since the decree was entered and where the original divorce proceedings do not show any error of law upon their face.

2. DIVORCE—BILL OF REVIEW FOR ATTORNEY'S UNFAITHFULNESS.—A bill of review does not lie upon the ground that the original decree was rendered through the mistake, carelessness or unfaithfulness of her solicitor.

3. DIVORCE—BILL OF REVIEW FOR FAILURE TO GRANT ALIMONY.—Where a bill to review a decree of divorce for failure to grant alimony to petitioner fails to set forth that she was entitled to a division of property under Crawford & Moses' Dig., § 3511, and where the decree of divorce recited that she wilfully abandoned her husband for more than a year, the petition was properly dismissed.

Appeal from Crawford Chancery Court; *J. V. Bourland,* Chancellor; affirmed.

*J. E. London,* for appellant.

The decree is erroneous on its face. No provision is made for the restoration of property owned by either party at the time of marriage, and not disposed of at the time of decree. C. & M. Digest, sec. 3511.

A bill of review was the proper remedy to pursue, as relief could not be obtained in any other way. 84 Ark. 203.

The decree was rendered on the unsupported testimony of the plaintiff, and that, too, after it had been contradicted by the appellant, which is insufficient. 102 Ark. 54; 104 Ark. 381; 99 Ark. 94.

*O. D. Thompson,* for appellee.

A bill of review does not lie, except upon newly discovered evidence. None is shown here. Failure to elicit material facts in the examination of a witness is no ground. 26 Ark. 600.

Carelessness or unfaithfulness of solicitor is not ground to sustain a bill of review. 17 Ark, 45.

An appeal was granted and time allowed for filing bill of exceptions, but none was filed. There is no error on the face of the record, and the decree should be affirmed. 144 Ark. 436; 129 Ark. 193; 83 Ark. 124.

Wood, J. This appeal is from a decree of the chancery court of Crawford County dismissing the appellant's petition for bill of review. The record shows that the appellant filed her petition for bill of review in the chancery court on the 19th day of June, 1921, in which she alleged, among other things, that the decree of divorce granted at a former term of the chancery court was granted without the court being sufficiently advised in the premises. She alleged that she was greatly wronged by the decree and her rights taken away without just cause, the decree of divorce having been granted without sufficient testimony, without granting her any alimony or any relief except an attorney's fee; that when the suit for divorce was first-called the plaintiff (appellee) and the defendant (appellant) testified. The court then refused to hear further testimony at that term and continued the cause for the term; that sometime in November the appellant received a notice from her attorney that the court would convene on the 20th of December, and for her to be on hand. She alleged that she appeared in court and waited all day expecting to be called, but late in the evening was informed by her attorney that she would not be needed, and sometime thereafter she learned that her husband had been granted a divorce. She alleged that no witness testified on behalf of the appellee except himself, and that she in her own behalf controverted all of his testimony with regard to her conduct toward him. She then set up that she had been compelled to leave her husband on account of unmerited abuse. She alleged that, if she be granted a bill of review, she will be able to prove the allegations of her complaint. She prayed for a bill of review and that the decree be set aside.

On the 20th of June, 1921, the appellee answered denying the allegations of appellant's petition, and alleged that the action for divorce was tried at the November term, 1920; that the court heard the testimony of the parties and one corroborating witness, which witness corroborated the testimony of the appellee; that the court at that term took the cause under advisement, and at the adjourned term December 14, 1920, entered a decree in favor of the appellee granting him a divorce. The court, after hearing the petition of the appellant and the response, dismissed the same for want of equity.

The appellant prayed and was granted an appeal and was given ninety days in which to prepare and file a bill of exceptions. No bill of exceptions was filed, and there is no error appearing on the face of the record. The allegations of the petition for the bill of review were denied by the appellee.

The grounds set up in appellant's petition for bill of review were not sufficient to entitle her to that relief. It does not allege any newly discovered evidence since that decree was rendered. The original divorce proceedings which the appellant seeks to have reviewed do not show on their face any errors of law. *White* v. *Holman,* 32 Ark. 753. The original decree of divorce recites, among other things, the following: ''This case was tried upon the complaint and the exhibits thereto and the answer of defendant. After hearing of the oral testimony the court finds the issues in favor of the plaintiff and against the defendant.'' The appellant alleges in her petition that the cause was heard only upon the testimony of the plaintiff and the defendant, but the appellee denies this allegation and alleges that another witness was introduced in the original action besides the plaintiff and defendant. Another ground alleged is that her attorney informed her that she would not be needed. She left, went home, and afterwards learned that the decree of divorce had been granted. But a bill of review does not lie on the ground that

the original decree was rendered through the mistake, carelessness, or unfaithfulness of her solicitor. *Price* v. *Notrebe's Heir,* 17 Ark. 45.

The petition does not set forth facts sufficient to show that the appellant was entitled to a division of property. Sec. 3511, C. & M. Digest. The original decree recites that the court found "that the defendant, without fault on the part of the plaintiff, wilfully abandoned him for a space of more than one year." The court therefore did not err in entering its decree dismissing the appellant's petition for a bill of review. *Price* v. *Notrebe's Heir, supra; Evans* v. *Parrott,* 26 Ark. 600; *White* v. *Holman, supra,* and other cases collated in 2 Crawford's Digest— "Bill of Review," p. 1906—1910, inclusive.

The decree is correct, and it is therefore affirmed.