ADAMS, Justice.
Defendant, Barbara Jean Reeb, appeals from the Monroe County Circuit Court’s summary judgment against her and in favor of plaintiff, Carol Lee Murphy. The appeal is dismissed.
This case arises out of the following facts.
In 1978, Cecil Murphy and his wife Margaret mortgaged certain real property located in Monroe County to the United States Small Business Administration. Cecil and Margaret were divorced in February 1983, and Cecil then married plaintiff on April 21, 1983. One year later, the Small Business Administration conducted a foreclosure sale, at which the subject property was sold to defendant for $71,000.00.
On November 9, 1984, plaintiff sought to redeem the property and sent a letter to defendant requesting a written statement of the debt and all lawful charges. After she received no response to her request, Murphy filed suit against Reeb in order to effectuate redemption of the property. An answer was filed by Reeb, and then Murphy filed a motion for summary judgment, which the trial court granted March 4, 1985, stating:
Plaintiff is entitled to redeem the real property located in Monroe County, Alabama ... and may redeem the said property from Defendant by tendering to the Clerk of this Court a certified check payable jointly to the Clerk of this Court and Defendant in an amount equal to $71,-000.00 plus interest thereon at the rate of 10% per annum. Interest shall be calculated from April 17,1984 to the date of tender. Simultaneously with said tender, Plaintiff’s counsel shall notify Defendant’s counsel in writing of the said tender. Within ten (10) days from notice of said tender Defendant shall convey to Plaintiff by statutory warranty redemption deed all of her right, title, and interest in and to the said property, and upon evidence of delivery of the said deed, the Clerk shall endorse the check and transmit the said check to Defendant in care of her attorney.
In the event Defendant fails or refuses to convey her interest in the said property to Plaintiff, the Clerk of this Court shall, upon request and affidavit of Plaintiff, accept a certified check from Plaintiff representing tender as set forth above, and shall execute and deliver to Plaintiff a deed in behalf of Defendant, which said deed shall have the same effect as if Defendant had executed it. The Clerk shall thereupon endorse the said check and transmit it to Defendant in care of her counsel.
On March 20, 1985, pursuant to the order of the court, plaintiff Carol Murphy tendered a cashier’s check for $77,555.34, payable jointly to the clerk and Reeb, advised Reeb of the tender, and requested a redemption deed from Reeb. When Reeb failed to comply with the mandate of the decree, Murphy requested and obtained a deed to the property from the clerk, as was provided for in the decree. Plaintiff Murphy then conveyed the property to Max H. Murphy and Evelyn J. Murphy. Defendant appealed to this Court on April 12, 1985.
Defendant asserts that § 43-8-57 of the 1975 Code of Alabama abolished a wife’s inchoate right of dower, and that this precludes Carol Murphy from redeeming the property.
Without discussing the merits of defendant’s contention, we recognize at the outset that defendant did not attempt to stay the court’s issuance of the redemption deed by invoking her rights under Rule 8, A.R. App.P. Furthermore, after receiving the check from the clerk, she did not tender the payment back into the court, but, rather accepted the money as payment for the property.
Plaintiff claims that defendant, through her actions, has ratified the trial court’s judgment, and, therefore, that this appeal should be dismissed. We agree. This Court addressed a similar issue in the case of Todd v. Moore, 205 Ala. 451, 88 So.447 (1921), and stated:
If it be conceded for the purposes of this case, therefore, that error of law *374 does appear upon the record, which would ordinarily entitle the complainant to relief, yet we are of the opinion that the bill was subject to demurrer for the reason that it appears that the error committed has been waived, the decree of the court accepted and acted upon, and the complainants received the benefits thereof. It is a general rule that where an appellant is shown to have accepted the benefits of the judgment, order, or decree, the appeal will be dismissed. [Citation omitted; emphasis added.]
205 Ala. at 453, 88 So. at 448. This Court went on to say:
It would seem that had an appeal been taken after they had accepted the decree by receiving the benefits thereunder that it would have been dismissed upon motion in this court, for, as said in the recent case of Shannon v. Mower, 186 Ala. 472, 65 South. 338, “the principle of a quasi estoppel by election is the common ground of the cases, — the principle which prevents a party from drawing a judgment into question to the prejudice of his adversary after he has coerced its execution or accepted its benefits.”
205 Ala. at 453, 88 So. at 449.
Defendant has not directed us to any authority, nor has she proffered any reason, why we should depart from the general rule as enunciated by this Court in Todd v. Moore. Therefore, the appeal is dismissed.
APPEAL DISMISSED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.