EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a detinue case.
Barnett sued Wooldridge and Johnson on November 13, 1980 for the possession of a particular Garden-Denver blast hole drill and for the reasonable value for the hire or use thereof during its wrongful detention. A hearing was held on December 2, 1980 on Barnett’s motion for a prejudgment writ of seizure. He was authorized to possess the drill on that date. Thereafter, Barnett and Wooldridge agreed, and the trial court ordered on January 9, 1981, that Barnett would have the right to the immediate possession of the drill upon his deposit of $5,000 in lieu of a bond. Barnett made *460 that deposit and took possession of the drill around January 20, 1981.
After an ore tenus trial, the circuit court entered a final judgment on October 1, 1985 that Barnett was entitled to the drill and that he should recover $1,500 from Wooldridge for its wrongful detention. Barnett filed his motion for a new trial on October 29,1985 as to the monetary award, and it was overruled by operation of Rule 59.1 of the Alabama Rules of Civil Procedure. Barnett timely filed his notice of appeal on February 10, 1986.
MOTION TO DISMISS APPEAL
Wooldridge has moved to dismiss Barnett’s appeal.
The parties stipulated the pertinent facts as to that motion to dismiss. On November 1, 1985, without the knowledge of his attorney, Wooldridge paid to the circuit clerk $1,548 as payment in full of the October 1, 1985 judgment against him. On November 12, 1985, without being requested to do so by Barnett’s attorneys, the clerk issued a check which was payable to Barnett's counsel for $1,548 for “CV-80-150-Bamett v. Johnson & Wooldridge.” The clerk mailed the check on November 12, 1985 to Barnett’s attorneys without being requested to do so, and they received it on or about November 13, 1985. Thereafter, Barnett’s attorneys did not endorse, deposit, or present the check for payment, but kept it until May 25, 1986 when they returned it to the clerk, who now has the uncashed check.
Wooldridge argues that the appeal should be dismissed since “[i]t is a general rule that where an appellant is shown to have accepted the benefits of the judgment, order, or decree, the appeal will be dismissed.” Reeb v. Murphy, 481 So.2d 372 (Ala.1985), quoting from Todd v. Moore, 205 Ala. 451, 88 So. 447 (1921).
Here, the real question regarding the applicability of that rule is whether, under the stipulated facts, Barnett accepted the benefits of the final judgment because of his attorneys’ retention, without more, of the $1,548 check for about six and one-half months.
The governing rule in that regard is that, ordinarily:
“[T]he mere failure of a creditor to return a check sent to him by the debtor in whole or partial payment of the debt does not constitute a payment of the debt, where the creditor does nothing indicating his intention and purpose to receive the check in payment, unless the debtor is prejudiced by the creditor’s retention of the check.”
60 Am.Jur.2d Payment § 46 (1972) (footnotes omitted). There is nothing in the record which indicates that Barnett was aware that his attorneys had the check in their possession, or that anything was said or done by Barnett or his attorneys to indicate that it was Barnett’s intent and purpose to receive the check in payment or that Wooldridge suffered any injury or detriment on account of the retention of the check.
The general rule as to the dismissal of an appeal upon the appellant’s acceptance of the benefits of a judgment is based upon quasi-estoppel by election. Reeb, 481 So.2d at 374. Quasi-estoppel is the principle which precludes a party from asserting, to the disadvantage of an adverse party, a right which is inconsistent with a position previously taken by him. Blank’s Law Dictionary 1120 (rev. 5th ed. 1979). Here, Barnett made no election, he took no position with regard to the check, and there is nothing to indicate that Wool-dridge has been disadvantaged by him.
For the foregoing reasons, we cannot hold that Barnett accepted the benefits of the judgment. The motion of Wooldridge to dismiss the appeal is overruled.