L. CHARLES WRIGHT, Retired Appellate Judge.
This is an appeal from a judgment after remand. For facts pertinent to this case see Barnett v. Wooldridge, 494 So.2d 459 (Ala.Civ.App.1986).
In the original appeal we affirmed the trial court’s award of $1,500 to Barnett for the wrongful detention of a drill. However, we remanded the case to the trial court for it to determine whether Barnett was entitled to an award for damages incurred to the drill while it was detained by Wooldridge. On remand the trial court determined that Barnett was not entitled to any damages on that issue. Barnett appeals.
Barnett asserts that Wooldridge wrongfully withheld the drill from May 20, 1980 to December 2, 1980. He contends that during this wrongful detention the drill was damaged due to vandalism and theft. Barnett argues that, because the drill was in Wooldridge’s possession at the time the damage was incurred, the trial court erred in failing to award him $26,592.30 — the amount it cost to repair the drill.
We find that Barnett’s assertion that the drill was wrongfully withheld from May 20, 1980 to December 2, 1980 to be unfounded. Although a discussion of this issue is not necessary to the disposition of this appeal, we note that in Barnett, supra, we affirmed the trial court’s decision and found that it “could have ascertained from the evidence that Wooldridge wrongfully withheld the drill from Barnett for only a short period of time, from November 13, 1980 until December 2, 1980.” Barnett, at 462.
Damages for detention in a detinue action may include deterioration in value due to neglect, abuse, or nonuse, provided that the trial court is satisfied that such an award should be made. Barnett, supra. If Wooldridge damaged the drill or removed parts from it during the period of wrongful detention, he would be liable for the resulting deterioration in value. Ford Motor Credit Co. v. Howell Brothers, T & A Repair, Inc., 325 So.2d 562 (Ala.Civ.App.1975).
On remand the trial court apparently concluded that Wooldridge was not responsible for the vandalism or the theft which occurred to the drill. Barnett offered evidence concerning the damages to the drill and the cost thereof. However, no evidence was offered concerning the responsible party for such acts, nor whether the damage was done during the period of wrongful detention. In the absence of a special demand, plaintiff cannot recover damages for the detention of the property occurring prior to the service of the complaint or writ. Daniel Bros. v. Jordan & Son, 146 Ala. 229, 40 So. 940, (1906); Barnett, supra. Without such evidence we cannot say that the trial court erred in refusing to award Barnett damages for the deterioration in value of the drill.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.