# Harris, *et al. v.* Stevenson.

### *Bill to Set Aside Sale.*

(Decided June 30, 1906. 41 So. Rep. 1008.)

1. *Judicial Sales; Vacation; Collateral Attack; Diligence.*—Unless the party seeking relief acquit himself of want of diligence in resisting the confirmation of the sale, where property had been sold under a chancery decree, and the same has been confirmed, it will not be set aside in a collateral proceeding.

2. *Execution; Sale; Setting Aside; Inadequacy of Price.*—A bill seeking to set aside a sale of land under execution for inadequacy of price, which shows on its face that, though the sale

included all of the tract, the most valuable part.had been previously sold under a chancery decree and the sale confirmed, and the bill contained nothing to negative the fact that the amount paid at the execution sale was less than the value of the lands sold, which was not covered by the chancery sale, the bill was demurrable.

3.  *Estoppel; Judicial Sale.*—The rule that the levy and sale of property by a person in general estops him from denying that the other party has a leviable interest therein, does not extend to the divestiture of rights under previous sales made under a different process. .

APPEAL from Morgan Chancery Court.

Heard before HON. W. H. SIMPSON.

This was a bill filed by appellee against appellants seeking to have set aside the sale of certain land made by the register in chancery on the 22d day of February, 1897, the sale of a part thereof on May 28, 1903, and the sale of the entire tract on November 23, 1903, unless the defendant Harris will credit his said judgment or deficiency decree with the just and fair value of said land, and unless said credit is made that the court will order all of said lands to be again sold free from any incumbrance or clouds cast on the same by any of the sales heretofore made and for general relief. The allegations of the bill are that prior to February, 1897, complainant, Stephenson, was seized and possessed of 1 house and 10 acres of land off the north end of the N. E. 1-4 of section 36, township 5, range 5, in Morgan county, said land being on the west side of the Decatur and Danville road; that on the 23d day of February, 1897, the register of the chancery court of Morgan county, pursuant to a decree of the court rendered on the 7th day of September, 1896, sold 1 house and 10 acres of land lying two miles southwest of Decatur, Ala., and being part of the northern end of the N. E. 1-2 of the N. W. 1-4 of section 36, township 5, range 5, in Morgan county, Ala.; that at said sale C. C. Harris became the purchaser of the land for the sum of $50; that the sale was reported to the court and by it confirmed; that under said sale Harris went into possession of said land by causing the tenant of orator to attorn to said Harris, although only a small

part—about one-half or less—of orator's land had been actually sold at said sale; that on the 10th day of April, 1897, Harris filed in this court a bill seeking to reform the description of the land so as to make it contain the proper description of the land intending to be sold, but that on the 2d day of June this bill was dismissed out of the court by Harris. The bill alleges that the sale included that part of the land containing the house and improvement which was worth a large sum of money, to-wit, $700 or $800, and that said sale was for a grossly inadequate price owing in part to the defective description, and which said Stephenson in the bill above referred to says that, owing to the awkwardly expressed description, and the mistake in the distance from the town of Decatur, and the fact that complainant Stephenson repudiates said sale creates a cloud upon Stephenson's title and affects the market value of the land, orator avers that such description did effect the value of the land. The bill further alleges that on the 23d day of March, 1903, an execution was sued out upon a personal decree which said Harris had obtained in said chancery court proceedings after said credit on the mortgage indebtedness of the $50 bid by Harris at the register's sale, and under the said execution and on the 20th day of May, 1903, the sheriff sold the S. 1-2 of the aforesaid 10 acres at public outcry to said Harris for the sum of $25; that said sum of $25 was a grossly inadequate price for the land, as it was intended to include all of orators's land not previously purchased at the aforesaid register's sale, and that the two prices bid and paid were grossly inadequate for the property conveyed, the said sum being less than the amount of unpaid costs against the orator in the chancery court; that on August 21, 1903, another execution was issued on the deficiency decree and on September 28, 1903, all lands belonging to orator was sold by the sheriff of Morgan county at public outcry and bid in by Harris for the sum of $25, and upon application of the complainant this sale was set aside and held for naught; on the 19th day of October, 1903, another execution was sued out on the deficiency judgment levied upon the following described land (here follows a de-

scription of the land) and sold it at public outcry to C.
C. Harris for the sum of $250; that at said sale Harris
read a written statement claiming all those parts of the
land previously sold under the purchases made by him
at said previous sale, although the sheriff announced in
calling bystanders together that he was selling 10 acres
of the land and a valuable house, the said Harris claim-
ing a part of the S. 1-2 under the deed made by sheriff
in April, 1903, and claiming all that part sold under
the register's deed heretofore. referred to. The other
facts sufficiently appear in the opinion.

CALLAHAN & HARRIS, for appellant.—Where there is
no resistance to a confirmation of a sale, whatever in-
jury may result from the sale or confirmation is attrib-
utable to want of diligence from which courts cannot
relieve parties.—*Sayre v. Elyton Land Co.*, 73 Ala. 96;
*Hammond v. Caillaud*, 52 Am. St. Rep. 175; *Watson v.
Tromble*, 29 Am. St. Rep. 495 and note. The bill made is
analogous to the disaffirmance of a sale under a mort-
gage and our courts have held that two years was the
limit of time granted.—*Ponder v. Cheaves*, 90 Ala. 120;
*Ezzel v. Watson*, 83 Ala. 120; *Pate v. Henson*, 102 Ala.
602. The criterion is laid down in the case of *Cowan v.
Sapp*, 81 Ala. 527, by which laches will be determined.
After confirmation a judicial sale will not be vacated ex-
cept upon some special equitable ground, such as fraud,
mistake, etc.—*Va. F. & M. Ins. Co. v. Cottrell*, 17 Am.
St. Rep. 108; *Watson v. Tromble, supra*. Lands sold at
the execution sale of May 28, 1903, were included in the
sale of Nov. 23, 1903, and it would be futile to order a
re-sale of the lands sold May 28, 1903.—*DeLoach v. Rob-
bins*, 14 So. Rep. 777. There can be no equity in a bill
which invokes the power of the court to do a vain and
useless thing.— *Gardner v. Knight*, 124 Ala. 278. Before
Stevenson can be heard to say that Harris is estopped
from claiming the land under the first two sales on ac-
count of the sales and purchases under the last execu-
tion, he must show that he has been injured by the last
sale.—*Lewis v. Ford*, 67 Ala. 142; *Adler v. Pimm*, 80
Ala. 251; *Williamson v. Jones*, 4 A. & E. Dec. in Eq. 289

and authorities there collated. Respondents are not estopped by the record.—*Gynne v. Hamilton*, 29 Ala. 236. They are not estopped by deed.—*Edmundson v. Montague*, 14 Ala. 377; *Cooper v. Watson*, 73 Ala. 263. They are not estopped by acts in pais.—*Ware v. Cowles*, 24 Ala. 499; *Carter v. Darbey*, 15 Ala. 698; *Miller v. Hampton*, 37 Ala. 347; *Catchums v. Duncan*, 96 U. S. 666; *Brandt v. Va. C. & I. Co.*, 93 U. S. 326.

E. W. GODBY, for appellee.—Harris was estopped conclusively by the last levy, sale and purchase. The question that, at the date of the last levy and sale, Stephenson was the owner cannot be disputed.—*Thomason v. Lewis*, 15 So. 831; 103 Ala. 426; *Diall v. Gambrill*, 28 So. 1; 119 Ala. 330; *Fuller v. Eames*, 19 So. 366; 108 ' Ala. 464; *Klosky v. Loveman*, 12 So. 720; *Fosdick v. Risk*, 45 Am. Dec. 564; *Boylston v. Rankin*, 114 Ala. 4; 21 So. 996; *Morgan v. Donovan*, 58 Ala. 241; *Powell v. Williams*, 14 Ala. 476; *Boswell v. Carlile*, 55 Ala. 554; *Lehman Durr & Co. v. VanWinkle & Co.*, 92 Ala. 447-8; *Harden v. Collins*, 35 So. Rep. 357; *Dunlap v. Steele*, 80 Ala. 428; *Henderson v. Prestwood*, 22 So. Rep. 15; 115 Ala. 464; *Steiner v. Baker*, 19 So. 980; 113 Ala. 374.

Harris' claim at the last sale to ownership under his previous purchases debarred bidders and when taken in connection with the gross inadequacy of his bid rendered sale invalid.—*Hill v. F. & M. Nat. Bank*, 97 U. S. 450; *Ray v. Womble*, 56 Ala. 40..

ANDERSON, J.—After a sale of property under a decree of the chancery court and a confirmation of said sale, the sale will not be set aside upon a collateral proceeding unless the party seeking relief against said sale acquits himself of want of diligence in resisting confirmation. "When he will stand acquitted depends upon all the circumstances of the particular case. While the court is unwilling that its decree or process shall be employed to work illegality, injustice, or oppression, and willingly intervenes to rectify a misuse or abuse of either by restoring parties to the condition in which they were

before the wrongs occurred, it is only the diligent they are active to serve."—*Sayre v. Elyton Land Co.*, 73 Ala. 101; *Watson v. Tromble*, 29 Am. St. Rep. 495, and note. The bill in the case at bar does not aver any effort on the part of the complainant to resist the confirmation of the sale by the chancery court or set up any sufficient excuse for the failure to do so, and the demurrer proceeding upon this theory should have been sustained.

The bill seeks to set aside the sale made under execution of November 23, 1893, because the price was inadequate, but shows upon its face that the amount paid at said sale was not inadequate. It is true that the sale included all of the tract, but the bill shows upon its face that the most valuable part thereof had been previously sold, under the chancery sale, which had been confirmed, and there is nothing in the bill to negative the fact that the amount bid at the execution sale was less than the value of the land sold, which was not covered by the chancery sale. The demurrer in this respect should have been sustained.

It is needless to consider the validity of the sale made in May, 1903, as it would be futile to order a resale of the lands then sold, as they were included in the sale made in November, which said last sale the bill does not satisfactorily impeach. "There can be no equity in a bill which seeks to do a vain and useless thing."—*Gardner v. Knight*, 124, Ala. 278, 27 South. 298.

We do not think that the levy and sale under the execution sale of November, 1893, divested the appellant Harris of the right and title he acquired under the chancery sale, upon the doctrine of estoppel. As a rule the levy upon and sale of property by a person estops him from denying that the other has a leviable interest therein. But we do not understand this doctrine to extend to a divestiture of rights under previous sales, made under different processes. On the other hand, a party could never increase or improve his title by purchasing at subsequent sales, without relinquishing under a former purchase, if such a contention be sound.

According to appellee's contention the purchaser at a mortgage foreclosure sale could not sell the equity of

[Johnson v. Johnson.]

redemption of the mortgagor, or purchase the same under an execution sale, without annulling his title under the foreclosure sale. In the case at bar all the land had not been sold under the first sale, and the said Harris had the right to subject the other land to the satisfaction of his execution, and the fact that it was levied upon and sold in its entirety in no way estopped him from claiming under the chancery sale so much of the land as was thereby conveyed to him under said chancery sale.

The decree of the chancellor is reversed, and a decree is here rendered sustaining the demurrer to the bill.

Reversed and rendered.

WEAKLEY, C. J., and TYSON and SIMPSON, JJ., concur