[Shannon v. Mower.]

# Shannon *v.* Mower.

## *Assumpsit.*

(Decided May 14, 1914.  65 South. 338.)

1. *Appeal and Error; Satisfaction of Judgment; Effect.*—Where a party has in effect coerced satisfaction of an ordinary judgment at law, his appeal from such judgment will, as a general rule, be dismissed on motion of the other party.

2. *Same.*—Where the attorney of the party obtaining the judgment orally notified the attorney of the judgment defendant that no appeal would be taken by plaintiff, coupled with the request that such attorney have defendant pay the judgment to the clerk of the court, and defendant paid to the clerk the amount of the judgment and costs, the subsequent appeal by plaintiff to review the assessment of damages awarded will be dismissed on motion of defendant.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Assumpsit by J. S. Shannon against Calvin R. Mower. Judgment for plaintiff granting insufficient relief, which judgment and costs were paid by defendant under circumstances set forth in the opinion, and plaintiff appeals.  Appeal dismissed.

A. LEO OBERDORFER, for appellant.  Counsel discusses the merits of the appeal with citations of authority, but in view of the opinion, it is not deemed necessary to here set it out.  Counsel insists that the motion to dismiss the appeal should not be granted, as there was no coercion, and anything less than a coercion of payment or the actual acceptance of the money paid, will not deprive the party of his right of appeal.—*Phillips v. Towles,* 73 Ala. 476; *Shingler v. Martin,* 54 Ala. 354.

JOHN C. FORNEY, and JERE C. KING, for appellee. The appeal should be dismissed because of a coercion of satisfaction of the judgment.—*Bradford v. Bush,* 10

[Shannon v. Mower.]

Ala. 274; *Knox v. Steel,* 18 Ala. 815; *Hall v. Hrabrowski,* 9 Ala. 278; *Shingler v. Martin,* 54 Ala. 355. Counsel discuss the merits of the appeal, but it is not deemed necessary to here set out the discussion.

SAYRE, J.—Plaintiff in the court below recovered judgment, but, being dissatisfied with the damages awarded, has taken this appeal. Appellee moves to dismiss the appeal, on the ground of facts to be stated; and our judgment is that the motion should be granted.

It appears without dispute that, shortly after appellant's motion for a new trial had been overruled by the trial court, his attorney of record met one of the attorneys for appellee on a street car—as good a place as any —and there informed him that no appeal would be taken, and requested that appellee's attorney have his client to pay the amount of the judgment to the clerk of the court. Within a short time after he had been notified of appellant's request, appellee paid to the clerk funds sufficient to pay the judgment and costs, where they yet remain. On a later day this appeal was taken.

It is an old rule of this court that, if the plaintiff coerces satisfaction of an ordinary judgment at law, his appeal will, on motion of appellee, be dismissed.—*Hall v. Hrabrowski,* 9 Ala. 278; *Bradford v. Bush,* 10 Ala. 274; *Knox v. Steele,* 18 Ala. 815; 54 Am. Dec. 181; *Shingler v. Martin,* 54 Ala. 354; *Smith v. Patton,* 128 Ala. 611, 30 South. 582. There are exceptions to this rule, but this case does not fall within them.—*Whetstone v. McQueen,* 137 Ala. 301, 34 South. 229; *Phillips v. Towles,* 73 Ala. 406. The point of controversy is whether the facts of this case bring it at all within the principle of those cases in which the general doctrine is asserted.

[Shannon v. Mower.]

Appellant denies the application of the principle, because the payment of the money was not coerced, nor has it reached his hands. The principle of a quasi estoppel by election is the common ground of the cases—the principle which prevents a party from drawing a judgment into question to the prejudice of his adversary after he has coerced its execution or accepted its benefits. That principle has just application in this case. The money which was appellee's is now as completely beyond his use or control as if its payment had been coerced by execution, and it was placed in this category on the request of appellant, and after appellant had informed appellee that no appeal would be taken. It seems clear enough that the court ought not to require appellee to submit at one and the same time to the disadvantages of this situation and the harrassment of a further prosecution of the appeal. There are cases of this general character, appealing to the court's sense of equity, in which an appellant will be allowed to prosecute his appeal upon a restoration of the status quo ante, the court allowing a reasonable time for that purpose; but here there has been no offer, nor does there appear to be any other reason for that course.

The parties have agreed upon a final disposition of the appeal by joining in a submisison on the motion and the merits.

Appeal dismissed.

ANDERSON, C. J., and McCLELLAN and DE GRAFFENRIED, JJ., concur.