285 So.2d 913

Richard P. BAER, II

v.

ALCO LAND AND TIMBER COMPANY, INC.

SC 235.

Supreme Court of Alabama.

Nov. 21, 1973.

T. Massey Bedsole, Mobile, Norborne C. Stone, Jr., Bay Minette, for appellee.

C. LeNoir Thompson, Bay Minette, Samuel L. Stockman, J. Edward Thornton, Mobile, for appellant.

**642**

HARWOOD, Justice.

On 3 August 1972, in Alco Land and Timber Co. v. Baer, 289 Ala. 567, 269 So. 2d 99, this court reversed a decree of the lower court which had granted appellant Baer the right to redeem land sold at a ju-dicial sale. The basis of the reversal was that Baer's bill to redeem had been filed too late in that more than a year had elapsed since confirmation of the sale which this court determined had taken place on 11 March 1970. The cause was remanded with the following instructions:

> "This cause is reversed and remanded with instructions to the Circuit Court of Baldwin County, in Equity to ascertain, first, the amount required to be paid to the Register by the appellant to make proper restitution and thereafter order, adjudge and decree that, upon the pay-ment of such amount by the appellant to the Register of that court within such reasonable time as that court may direct, legal title to said real estate be divested out of the appellee or any successor, transferee, or assign thereof and into ap-pellant; that the Register of said court execute and deliver a deed conveying said real estate to the appellant. Said court is further directed to make such other orders and decrees as are neces-sary to effectuate a status quo of the parties as such existed prior to the insti-tution of the redemption action."

On 28 December 1972, the Chancellor entered a decree ascertaining the amounts required to be paid by Alco to the Regis-ter-Commissioner to make proper restitu-tion, and further divested the legal title to the land in question out of Baer and into Alco. It is from this decree of 28 Decem-ber 1972, that this appeal has been perfect-ed.

The appellant has made six assignments of error which read:

> "1. The trial court erred in holding that Appellant is not entitled to interest on the purchase bid by Appellee at the judicial sale of Appellant's Baldwin County realty, held to have been con-firmed on March 11, 1970, from March 11, 1970 to July 31, 1970.

> "2. The trial court erred in holding that Appellant was entitled to interest on

the price paid by Appellee only from Dec. 3, 1971 to Dec. 18, 1972.

"3. The trial court erred in holding that the statutory right of redemption available to Appellant to regain his Baldwin County realty was for only one year from the date of the confirmation of the judicial sale.

"4. The trial court erred in failing to hold that the statutory right of redemption to Appellant in this case was two years.

"5. The trial court erred in holding that Appellant's effort to exercise his statutory right of redemption in this proceeding was too late.

"6. The trial court erred in failing to hold that Appellant's effort to exercise his statutory right of redemption in this proceeding was timely."

Assignments of error 3, 4, 5, and 6, are closely related and all pertain to the time within which Baer should have instituted his redemption proceedings.

In his decree from which this appeal was taken, the Chancellor decreed:

"That the complainant [Baer] does not now have, and did not have on July 30, 1971 (the date on which this suit was filed) the right to redeem the real estate which is the subject matter of this proceeding from the judicial sale from which he sought to redeem said property."

In brief counsel for appellant have smitten hip and thigh every point decided by this court in its opinion in Alco Land and Timber Co. v. Baer, supra, which decision was handed down on 3 August 1972.

Counsel have again argued vigorously and at length every point involved in the opinion of 3 August 1972, asserting it is their right to have the opinion of 3 August 1972 again examined by virtue of the provisions of Section 28, Title 13, Code of Alabama 1940, which provides:

"The supreme court, in deciding each case when there is a conflict between its existing opinion and any former ruling in the case, must be governed by what, in its opinion at that time is law, without any regard to such former ruling on the law by it * * *."

As to the scope of the review to be had under the above statute, it was stated in National Commercial Bank v. McDonnell, 92 Ala. 387, 9 So. 149:

"It is true that, under section 683 of the Code [the progenitor of Section 28, Title 13, supra] this court, in deciding each case, when there is a conflict between its existing opinion and any former ruling in the case, must be governed by what, in its opinion at that time, is law, without any regard to such former ruling. *The statute has operation only when the necessity and duty to reconsider the former ruling are devolved on the court by proper assignments of error.*— Stoudenmire v. De Bardelaben, 85 Ala. 85, 4 So. 723. There being no assignments of error going to the rulings of the chancellor on the demurrers, we are not required by the statute to open and reconsider the questions decided on the former appeal." (Emphasis ours.)

We note here that in City of Fairhope v. Town of Daphne, 286 Ala. 470, 241 So.2d 887, a case cited and relied on by the appellants, one of the assignments of error specifically asserted error in the former opinion.

Assignments of error 3, 4, 5, and 6, can be deemed to apply only to that portion of the decree here appealed from which has been set out above, i. e., that the appellant Baer did not have on the date on which the suit was filed a right to redeem the real estate from the judicial sale. Actually, the Chancellor was only carrying out in this portion of his decree the direction and mandate of this court as contained in the opinion of 3 August 1972. Since the Chancellor was conforming to the mandate of this court in decreeing that

Baer did not have a right to redeem as of the date he filed suit, we will treat assignments of error 3, 4, 5, and 6, as though they charged error in the opinion of 3 August 1972, wherein it was held that Baer had not timely instituted his redemption proceedings. We therefore will review our former opinion of 3 August 1972 in this aspect only.

In the opinion of 3 August 1972, it was held that the judicial sale of the land was confirmed on 11 March 1970. The correctness of this conclusion in our opinion of 3 August 1972 is not the subject of any valid assignment of error in the present appeal, and we pretermit consideration of appellant's argument in brief attacking the correctness of this conclusion.

Section 727, Title 7, Code of Alabama 1940, as amended by Act No. 1107, approved 12 September 1969, (see 1969 Acts of Alabama, p. 2042), provides:

"Where real estate * * * *is sold* * * * by virtue of any decree in the circuit court * * * the same may be redeemed by the debtor * * * from the purchaser * * * within one year thereafter." (Emphasis ours.)

Prior to the amendment, Section 727 provided that the real estate could be redeemed within two years of the date of its sale.

Baer's bill to redeem was filed on 30 July 1971. The confirmation of the judicial sale had been made on 11 March 1970. Since the amendment to Section 727 which was effective 12 September 1969, the period of time allowed to redeem from a judicial sale had been fixed at one year.

Alco was a stranger to all of the proceedings leading up to the judicial sale. In Mixon v. Burleson, 203 Ala. 84, 82 So. 98, it is stated:

"The true theory is that the purchaser at the foreclosure sale [judicial sale] is subject, as to redemption rights, to the law in force at the time of his purchase."

To the same effect see Cowley v. Shields, 180 Ala. 48, 60 So. 267.

The sale having come into being upon its confirmation on 11 March 1970, Baer's attempt to redeem more than one year thereafter was not permissible under the plain terms of Section 727. We do not see any question of retroactive application of Section 727 under these circumstances. On the other hand, had a sale taken place prior to the amendment of Section 727, then redemptive rights could not be reduced without running counter to the rule against retroactive application of a statute in such a manner as to affect rights, as distinguished from remedies. See Turberville v. Lynam, 47 Ala.App. 43, 249 So.2d 865.

We therefore consider that the conclusion reached in the opinion of 3 August 1972 that Baer's bill to redeem was not timely filed was correct, and we adhere thereto.

We have hereinabove set out assignment of error No. 1.

Under this assignment Baer now contends that we should examine the terms of the judicial sale which was confirmed on 11 March 1970, particularly as to the non allowance of interest for the period of time from 11 March 1970 to 31 July 1970, the date which the court had fixed for Alco to pay the balance of its bid, Alco having already paid $51,000.00 as a deposit under terms fixed by the court. On this latter date Alco paid the balance of $460,150.00 due on its bid of $511,150.00, and on the same day the Register executed a deed to the land to Alco.

At no time did Baer file any objections to the decree of confirmation of the sale in which no interest was allowed, and there is evidence in the record that Baer consented to the confirmation.

An owner who fails to resist the confirmation of a sale without sufficient excuse for not objecting, and who in fact approves and consents thereto, cannot later

challenge the adequacy of the purchase price, or the terms of the sale. Harris et al. v. Stevenson, 147 Ala. 537, 41 So. 1008.

Further, the decree of confirmation was a final decree from which Baer could have appealed, and on such appeal the entire proceedings of the judicial sale could have been reviewed. Pollard et al. v. Jackson et al., 204 Ala. 31, 85 So. 431.

Baer did not appeal and the six months within which he could have perfected an appeal have long since expired. The appeal before us is from a decree rendered on 28 December 1972, pursuant to the mandate of this court. The decree of confirmation, from which no appeal was taken by Baer, was entered on 11 March 1970. When an appeal is taken from a final decree, an appellant cannot assign as error any other final decree which was not appealed, and which was rendered more than six months before the current appeal was taken. Carter v. Mitchell, 225 Ala. 287, 142 So. 514. We note here that the above doctrine is not in conflict with Section 28, Title 13, Code of Alabama 1940, in that said code section contemplates a prior appeal from a judgment.

We therefore pretermit review of assignment of error No. 1.

In their argument portion of the brief concerning the matter of interest, counsel for Baer have not referred to nor designated any assignment or assignments to which the argument might pertain, but have proceeded to argue the matter in bulk. It is apparently the thrust of appellant's argument that since this court held that the sale was confirmed on 11 March 1970, that, "Alco was chargeable with interest on the unpaid purchase price from that date, and the failure of the trial court to so provide is reversible error." Clearly a portion of the time for which the appellant claims interest, that is from 11 March 1970 to 31 July 1970, cannot now be reviewed as shown above. The period of time from 3 December 1971 to 18 December 1972, specified in assignment of error No. 2, is not mentioned or referred to in the argument. Clearly, assignments of error Nos. 1 and 2 could not have been properly joined nor argued in bulk since they involved different legal principles, even different decrees. Even so, the lack of any argument going to the matter sought to be asserted in assignment of error No. 2 precludes our review thereof.

It is our conclusion that the decree here appealed from is due to be affirmed, and it is so ordered.

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX, and FAULKNER, JJ., concur.