BRADLEY, Judge.
This appeal is from a denial of a motion to set aside a sale of property pursuant to a divorce decree.
The parties to this proceeding were divorced on September 21, 1981 in the Circuit Court of Jefferson County. The divorce decree incorporated a property settlement agreement which disposed of the parties’ real and personal property.
Paragraph 3(b) of the agreement required that the husband sell the parties’ home as soon as possible and that the ex-wife receive $55,000 from the sale. The agreement also required the husband, within ten days from the execution of the agreement, to pay his ex-wife $3,000 of the $55,-000 and gave him the right to occupy the home until its sale.
Paragraph 3(d) provided that if the home was not sold within twelve months, then either party could apply to the court for a public sale at such time and under such terms as prescribed by the court.
Pursuant to the agreement, Mrs. Pinson applied to the court for sale of the property *170 after the twelve month period expired and the house was not sold. On December 2, 1982 the deputy register gave notice that a public sale would take place on January 7, 1983.
On December 13, 1982 and December 14, 1982, respectively, Mr. Pinson filed a motion to stay the register’s sale of the real property and a petition to modify the divorce decree. The motion to stay was heard and denied by the court.
The sale took place as scheduled on January 7, 1983, and Mrs. Pinson purchased the home and property for $100. On that same date, but prior to the sale, the parties entered into an agreement that Mr. Pinson would convey his interest in the property to Mrs. Pinson, that Mrs. Pinson would assume the first mortgage of about $52,000, and that she would pay off a second mortgage in the amount of $35,288.73. The court accepted the parties’ settlement of the court-ordered sale of the property and entered a decree confirming it on February 27, 1983.
On February 3, 1983 Mr. Pinson filed a motion to set aside all proceedings pertaining to the sale of real property.
After a hearing the court denied the motion. Mr. Pinson appeals.
In brief appellant argues that he was denied due process of law as he was given no opportunity to be heard on his motion to stay, that the final judgment of divorce is invalid due to a contradiction in the property settlement agreement, that the public sale is invalid as it did not comply with state law, and that his ex-wife did not pay a fair price for the home.
As to appellant’s contention that his due process rights were violated because he had no opportunity to be heard on his motion to stay, the evidence shows Mr. Pinson was in the courthouse coffee shop on the day of the hearing but not in the courtroom. Appellant’s attorney, who was in the courtroom, upon being asked by the court if he wished to be heard, replied that he had neither evidence nor law to present to the court in support of the motion. The court denied the motion.
Since appellant had an opportunity to defend his motion but declined to do so, we fail to perceive a due process violation.
The provisions of the decree in question are not uncertain or contradictory. The decree authorizes the appellant to sell the property and to give appellee $55,000 as her share of the net proceeds of the sale. The decree further provides that the private sale shall be accomplished as soon as possible but no later than twelve months after the decree. If the property has not been sold in twelve months by private sale, the court will direct a public sale. The appellant did not sell the property in twelve months and the court ordered a public sale of it. We find no error here.
Appellant’s next contention is that the public sale should be set aside because of irregularities in the sale procedure and that the ex-wife failed to pay a fair price for the property.
Irregularities in the sale of land pursuant to court decree are to be considered in determining whether the sale shall be upheld only when such irregularities are manifestly injurious to the parties. Parker v. Clayton, 248 Ala. 632, 29 So.2d 139 (1947). Also, an owner who fails to resist the confirmation of a sale of land or who in fact approves and consents thereto, cannot later challenge the adequacy of the purchase price, or the terms of the sale. Baer v. Alco Land & Timber Co., 291 Ala. 640, 285 So.2d 913 (1973).
The evidence shows that the appellant received notice of the sale, appeared at the courthouse on the sale date, negotiated with his former wife and her attorney about the "disposition of the property, entered into a written agreement with his former wife for the disposition of the property, and then, along with his former wife, concurred with the court in the sale of the property by requesting in writing that the court dispose of the property in the manner agreed to by the parties.
*171 Having agreed to the terms for the disposition of the parties’ home, appellant cannot now question the terms of the sale or the purchase price. However, we note that there was testimony that the property was worth about $150,000 but that it needed a lot of work. There was also proof that the appellee paid off a second mortgage of about $35,000, assumed the first mortgage which amounted to $52,000, and accepted a warranty deed from the appellant in lieu of $52,000 he had agreed to pay her. Considering the obligations assumed by appel-lee to obtain the property, the actual price paid to the court by her for the property is not so much less than the market value as to shock the conscience of this court. Dunn v. Ponceler, 235 Ala. 269, 178 So. 40 (1937). No error in this aspect of the court’s order.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.