James E. Rice filed this action against State Farm Fire and Casualty Company ("State Farm") and its agent, Gerald Bartig,[1] alleging, inter alia, breach of an insurance contract, bad faith refusal to pay an insurance claim, and slander.[2] The trial court granted State Farm's motions for directed verdict on the bad faith and slander claims. The contract claim, however, was submitted to the jury and the jury returned a verdict in Rice's favor, awarding damages in the amount of $65,000. State Farm paid that amount, plus interest and costs, into the court. Rice withdrew those funds from the court and filed a satisfaction of the judgment.
Rice appeals that portion of the judgment based on the directed verdicts on the bad faith and slander claims. State Farm has filed a motion asking this Court to dismiss the appeal, arguing that its payment of the judgment amount, and Rice's acceptance of those funds, leaves nothing from which to appeal. Alternatively, State Farm contends that the trial court correctly granted its motions for directed verdict, and that the judgment is due to be affirmed.
This Court has consistently held that when "an appellant is shown to have accepted the benefit of [a] judgment, order, or decree, [his] appeal will be dismissed." Todd v.Moore, 205 Ala. 451, 453, 88 So. 447, 448 (1921). See also, Reeb v. Murphy, 481 So.2d 372 (Ala. 1985);Mobile Ins. Co. v. Smith, 441 So.2d 894 (Ala. 1983); and Osborn v. Empire Life Ins. Co. of America,342 So.2d 763 (Ala. 1977). The rationale underlying this rule was expressed in Shannon v. Mower, 186 Ala. 472,65 So. 338 (1914), when this Court held that "[t]he principle of a quasi estoppel by election is the common ground of [these] cases — the principle which prevents a party from drawing a judgment into question to the prejudice of his adversary after he has *Page 1065 
coerced its execution or accepted its benefits."186 Ala. at 474, 65 So. at 339.
There is no dispute that Rice accepted the judgment proceeds. However, when he filed a certificate of satisfaction, he attempted to reserve his right to appeal that portion of the judgment based on the directed verdicts on his slander and bad faith claims. He argues that because of that attempted reservation, he should be allowed to pursue this appeal. We do not agree. All rulings by the trial court in a particular case, including directed verdicts, are subsumed by that court's final judgment. See, Rule 4(a)(3), Ala.R.A.P. Rice does not direct our attention to, and we are unaware of, any procedure that would allow an appellant to accept the benefits of a final judgment while reserving the right to appeal certain portions of that judgment.
For the reasons stated above, Rice's appeal is due to be dismissed.
DISMISSED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.
[1] Bartig was not a defendant as to the claims presented in this appeal and therefore is not an appellee.
[2] Rice's children were also named as plaintiffs. However, James Rice is the only person named on the notice of appeal as an appellant.