AFTER REMAND FROM SUPREME COURT
THIGPEN, Judge.
The prior judgment of this court has been reversed, and the cause remanded by the Supreme Court of Alabama. On remand to this court, and in compliance with the Supreme Court’s opinion of July 16, 1993, 643 So.2d 980 (Ala.1993), we now address *983 Hodge’s substantive arguments presented on appeal.
The facts relevant to this appeal are as follows: On September 11, 1991, the State filed a complaint alleging that the vehicle in question, and $930 in U.S. currency, were in the control and possession of a juvenile who possessed cocaine and marijuana. The complaint averred that the “vehicle was used or was intended for use to transport or to facilitate the transportation of a controlled substance, for the purpose of sale, in violation of § 20-2-93(a)(5) of the Code of Alabama.” The State noted that the described vehicle was registered to Raiford Hodge, but did not name Hodge as a party defendant, nor serve him with the complaint. The trial court ordered notice of the seizure by publication. On November 7, 1991, the trial court condemned the vehicle pursuant to Ala.Code 1975, § 20-2-93. On December 5, 1991, Hodge filed a motion to set aside that judgment, which motion was denied on January 15, 1992. The vehicle was sold at public auction on April 23, 1992, and the trial court ratified and confirmed that sale on April 30, 1992. Hodge appealed to this court.
This court initially dismissed Hodge’s appeal, holding that Hodge’s appeal from the January 15, 1992 judgment of the trial court was barred by the 42-day limit set forth in Rule 4(a)(1), A.R.App.P. Our Supreme Court, citing Baer v. Alco Land & Timber Co., 291 Ala. 640, 285 So.2d 913 (1973), held that, in the context of a condemnation proceeding, an appeal may lie from a judgment ordering the sale, or from the judgment confirming the sale. See also Jetton v. Jetton, 502 So.2d 756 (Ala.1987). Therefore, our Supreme Court determined that Hodge could have appealed from the judgment of April 30, 1992, which confirmed the sale, and that his notice of appeal filed on June 9, 1992, was within the 42-day period for filing an appeal of that judgment.
The dispositive issues on appeal are whether the judgment of condemnation is void because of the State’s failure to obtain personal service on Hodge, the known owner of the vehicle subject to condemnation; and whether the judgment is void because Hodge should have been joined as an indispensable party pursuant to Rule 19, A.R.Civ.P.
Hodge first contends that the State’s failure to obtain personal service upon him voids the condemnation judgment. Ala.Code 1975, § 20-2-93(h), provides that the procedures for condemnation and forfeiture under that section shall be governed by the procedures in §§ 28-4-286 through 28 — 4-290, with minor specified exceptions.
In First National Bank of Columbiana v. State, 403 So.2d 258 (Ala.Civ.App.1981), this court analogized the alcoholic beverage forfeiture statutes to drug seizure and forfeiture proceedings and held that publication in a newspaper of an action against a motor vehicle without reference to the owner of the vehicle did not provide sufficient notice to lienholders. The court indicated that it might reach a different result in regard to the owner:
“The lienholder may be said to stand in a different position than an owner. Publication as a means of notice to an owner of property that condemnation of his property is before the courts has been accepted as constitutionally sufficient. However, the theory in such cases has been that an owner keeps up with his property and knows when it has been seized by the State. Therefore publication of an action of forfeiture against it is merely supplemental to actual notice already conveyed by the seizure.”
First National Bank at 261. We find First National Bank to be persuasive for the conclusion that the State’s failure to personally serve Hodge with notice of the condemnation did not void the condemnation.
Hodge further contends that he should have been joined as an indispensable party pursuant to Rule 19, AR.Civ.P. This rule provides in pertinent part:
“(a) Persons to Be Joined if Feasible. A person who is subject to jurisdiction of the court shall be joined as a party in the action if (1) ..., or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical *984 matter impair or impede his ability to protect that interest....”
This court has held that a title holder of property is not a necessary party in every case. Felder v. State, 515 So.2d 17 (Ala.Civ.App.1987). Felder involved seizure of a vehicle titled in the name of Felder’s minor son, without naming the child as a party to the proceeding. Felder appealed, claiming that, as title holder to the vehicle, the child should have been joined as a necessary party. This court found that Felder “was the real party in interest and the title was put in the child’s name as a subterfuge.” Felder at 18-19.
There is no specific formula to determine whether a party is indispensable within the contemplation of Rule 19(a), A.R.Civ.P. Felder, supra. Rather, the determination must be made “in the context of each particular case by applying equitable principles.” Felder at 18. The facts of the case sub judice are distinguishable from the facts of Felder. Hodge was known as the registered owner of the vehicle, which was in the possession of the juvenile at the time of its seizure. Ala.Code 1975, § 20-2-93(h), provides the owner of a vehicle subject to condemnation the opportunity to prove:
“that the act or omission subjecting the property to forfeiture was committed or omitted without the owner’s ... knowledge or consent and that the owner ... could not have obtained by the exercise of reasonable diligence knowledge of the intended illegal use of the property so as to have prevented such use.”
Felder, supra, noted that, because the forfeiture statute is penal in nature, it should be strictly construed. The record discloses that Hodge, as the real party in interest, see Felder, supra, was denied an opportunity to make the statutory showing because he was not made a party to the action. Therefore, the disposition of this action in his absence clearly impairs or impedes “his ability to protect [his] interest.” Rule 19(a)(2)(i), A.R.Civ.P.
We further note that it is the duty of the plaintiff to join an indispensable party, and if such party is not joined, the plaintiff should state the name of that party and the reasons why that party is not joined. Rule 19(c), A.R.Civ.P. Holland v. City of Alabaster, 566 So.2d 224 (Ala.1990). If there is a failure to join an indispensable party, the trial court shall order joinder of that party. Rule 19(c), A.R.Civ.P.; Holland, supra.
In the case sub judice, Hodge’s motion to set aside the condemnation judgment on the ground that he was an indispensable party, was denied. Because we find that Hodge was an indispensable party pursuant to Rule 19(a), A.R.Civ.P., we must reverse the judgment of the trial court and direct the trial court to join Hodge as an indispensable party to allow him the opportunity to show that he neither had knowledge of nor consented to any illegal use of his vehicle.
REVERSED AND REMANDED WITH INSTRUCTIONS ON REMAND.
ROBERTSON, P.J., and YATES, J., concur.