KENNEDY, Justice.
Larry Sledge sued Liberty National Life Insurance Company, alleging breach of contract and bad faith failure to pay a life insurance policy.
In January 1991, Julia M. Sledge purchased a life insurance policy from Liberty National, naming her son, Larry Sledge, as beneficiary. On March 13, 1991, Julia died. According to Larry, he notified Liberty National of his mother’s death shortly thereafter. On March 25, 1991, Liberty National canceled the policy, refunding a portion of *1334 the premium payments. Liberty National contends that it had not been notified of Julia’s death at that time.
Larry sued Liberty National on December 18, 1991. Liberty National then discovered that the policy had been mistakenly rescinded and that Larry was entitled to the proceeds. On January 24, 1992, Liberty National delivered a check to Larry’s counsel in the amount of $52,603.80, which was later returned by counsel. Pursuant to Rule 67, Ala.R.Civ.P., Liberty National deposited the proceeds into an interest-bearing account.
Before trial, the court entered a summary judgment in favor of Larry on the contract claim and allowed Larry to proceed on the bad faith claim. At trial on the bad faith claim, the jury found in favor of Liberty National. After the court had entered a final judgment on both the contract claim and the bad faith claim, Larry withdrew the money from the interest-bearing account as a satisfaction of the judgment on the contract claim. Larry then appealed from that portion of the judgment in favor of Liberty National on the bad faith claim.
The only issue is whether this appeal should be dismissed on the basis that Larry accepted the benefit of the judgment as to the contract claim when he withdrew the funds and is therefore barred from appealing the remainder of the judgment.
In Rice v. State Farm Fire & Cas. Co., 578 So.2d 1064 (Ala.1991), the trial court granted defendant State Farm’s motions for directed verdicts on the plaintiffs bad faith and slander claims. The plaintiffs contract claim was submitted to the jury, and the jury returned a $65,000 verdict for the plaintiff. State Farm paid that amount into court. The plaintiff then withdrew the money but attempted to appeal the portion of the judgment based on the directed verdicts on the bad faith and slander claims. This Court held that when an appellant is shown to have accepted the benefit of a judgment, order, or decree, the appeal will be dismissed. The rationale underlying this rule is that “ ‘the principle [of quasi estoppel by election] ... prevents a party from drawing a judgment into question to the prejudice of his adversary after he has coerced its execution or accepted its benefits.’ ” Rice, 578 So.2d at 1064-65, quoting Shannon v. Mower, 186 Ala. 472, 474, 65 So. 338, 339 (1914).
Larry does not dispute that he accepted the funds deposited by Liberty National. When the trial court entered the final judgment, all of the court’s ruling, including the summary judgment as to the contract claim, were subsumed in the final judgment. See, Rice, 578 So.2d at 1065, citing Rule 4(a)(3), Ala.R.App.P. Because Larry accepted the benefit of the judgment, his appeal is due to be dismissed.
DISMISSED.
HORNSBY, C.J., and ALMON, HOUSTON and COOK, JJ., concur.