SHORES, Justice.
Stan Huguley sued John Wright & Associates, Inc., and four of its directors, John C. Wright, Ann Alsobrook, Mike McGough, and Hilton Logan (“the defendants”), alleging minority shareholder squeeze-out and shareholder oppression, and seeking declaratory relief regarding a stock purchase and employment agreement.
Huguley was first employed by John Wright & Associates (“the company”) in May 1982. He was elected to its board of directors in 1985. From January 1988 until January 1992, Huguley served as vice-president of the company. On January 6, 1988, Huguley entered into a stock purchase and employment agreement (“the agreement”) with the company. Under the agreement, Huguley was allowed to acquire 30 shares of stock in the company over a three-year period. Also under the agreement, if Huguley’s employment was terminated for any reason, Huguley was required to sell his stock back to the company at an agreed-upon price. On January 17, 1992, the board of directors terminated Huguley’s employment and resolved to repurchase his stock.
On January 27, 1992, Huguley filed a four-count complaint. Counts one and two alleged minority shareholder squeeze-out and shareholder oppression. Count three sought a declaration that Huguley was free to compete against the company and that he was entitled to recover immediately the amount due under the agreement for the repurchase of his stock. Count four alternatively sought to void the terms of the agreement as unconscionable and an unlawful restraint on the alienation of his stock. The defendants counterclaimed, seeking specific performance of the agreement, and they deposited with the circuit court clerk $17,160, representing the agreed-upon repurchase price for Huguley’s stock.
Upon the defendants’ motion, the trial court entered an order dismissing counts one and two of Huguley’s complaint, and it invited Huguley to file a motion for a summary judgment as to count three. The defendants then moved for a summary judgment on any remaining counts. Huguley moved for a summary judgment on count three, and the trial judge entered a summary judgment for Huguley on that count. While the defendants’ motion for summary judgment was pending, Huguley amended his complaint to add count five, which again alleged minority shareholder squeeze-out and oppression. The defendants responded with a motion to dismiss, or, alternatively, for a summary judgment. The trial judge entered a summary judgment for the defendants on counts four and five, leaving the defendants’ counterclaim as the only remaining claim. The defendants moved for a summary judgment on the counterclaim. The trial judge entered a summary judgment for the defendants on October 13, 1993, and ordered the parties to perform the transactions required for Hugu-ley to sell his stock back to the company.
Huguley filed his first notice of appeal from that October 13, 1993, order. The trial judge entered another order on November 30, 1993. Huguley also appealed from that order, tendered his stock certificates, and received and cashed the circuit court clerk’s check for $17,966, representing the agreed-upon repurchase price, plus interest. Both appeals are addressed in this opinion.
On January 10, 1994, the defendants filed a motion to dismiss the appeals on the basis of the “acceptance of benefits” doctrine. We find this issue to be dispositive. *913 When an appellant is shown to have accepted the benefits of a judgment or order, the appeal will be dismissed. Sledge v. Liberty National Life Ins. Co., 632 So.2d 1333 (Ala.1994); Rice v. State Farm Fire & Cas. Co., 578 So.2d 1064 (Ala.1991); Todd v. Moore, 205 Ala. 451, 88 So. 447 (1921); compare Bateh v. Brown, 289 Ala. 699, 271 So.2d 833 (1973) (acceptance of benefits doctrine is not without exception). There is no dispute that Huguley accepted the benefits of the judgment when he accepted and cashed the check representing the funds that were being held by the circuit court clerk.
Huguley argues that under Bateh v. Brown, 289 Ala. 699, 271 So.2d 833 (1973), he did not waive his right to appeal, because, he says, he received the funds in compliance with a mandatory court order. Neither the October 13, 1993, order, nor the November 30, 1993, order mandated that Huguley accept and cash the circuit court clerk’s check.
Huguley alternatively argues that under Alco Land & Timber Co. v. Baer, 289 Ala. 567, 269 So.2d 99 (1972), appeal after remand, 291 Ala. 640, 285 So.2d 913 (1973), he should not be required to repay the funds into the court in order to continue his appeal, because, he argues, on retrial he could not recover less than the amount of the funds he withdrew. We disagree. If, at trial, it were to be determined that the agreement was not enforceable, the company would not be required to repurchase Hugule/s shares at the agreed-upon price. Huguley argues that he could not receive less than the agreed-upon price for the shares because the book value of the shares is more than the agreed-upon price. However, because the company is closely held, there is no ready market for its stock. If the agreement were to be held unenforceable, the company could refuse to repurchase the shares, or it could offer him substantially less for the shares than the agreed-upon price.
The facts of this ease are not within an exception to the acceptance of benefits doctrine. Because it is undisputed that Huguley accepted the benefit of the judgment when he withdrew the funds from the court, and that he did not attempt to reserve his right to appeal, his appeals are due to be dismissed.
1930266 DISMISSED.
1930414 DISMISSED.
HORNSBY, C.J., and MADDOX, STEAGALL and INGRAM, JJ., concur.