*353 MOORE, Judge,
dissenting.
I respectfully dissent from the majority opinion’s affirmance of the trial court’s judgment because I conclude that the trial court’s failure to join an indispensable party, i.e., Bobby Bruce, the person that the trial court determined to be the owner of the vehicle, deprived the trial court of jurisdiction to enter the judgment ordering that the vehicle be forfeited. See, e.g., Hodge v. State, 643 So.2d 982, 983-84 (Ala.Civ.App.1993) (holding that the owner of a vehicle subject to forfeiture proceedings was the real party in interest and an indispensable party to the forfeiture action).
“[T]he issue of the failure to join an indispensable party may ... be raised by an appellate court ex mero motu.” J.K.L.B. Farms, LLC v. Phillips, 975 So.2d 1001, 1005 (Ala.Civ.App.2007). “‘The absence of a necessary and indispensable party necessitates the dismissal of the cause without prejudice or a reversal with directions to allow the cause to stand over for amendment.’ ” Allbritton v. Dawkins, 19 So.3d 241, 244 (Ala.Civ.App.2009) (quoting J.C. Jacobs Banking Co. v. Campbell, 406 So.2d 834, 850-51 (Ala.1981)). Because the majority opinion affirms the judgment, I dissent.